## N. Y. COMMON PLEAS.

Louis Amsinck and others, plaintiffs and respondents agt. Leonard S. North, defendants and appellants.

*Examination of party before trial — When appeal does not lie from an order denying a motion to vacate order for such examination — Discovery of books and papers — when to be ordered — Code of Civil Procedure, secs. 803, 804, 805, 806, 807, 808.*

The plaintiffs, having obtained from one justice an order granting an examination of the defendants before trial, an appeal from an order by another justice denying a motion to vacate the first order is held not well taken, because the first order was conclusive until reversed or leave given to renew the application to vacate; and the fact that the order to show cause why the order for an examination should not be set aside,

upon the return to which the order appealed from was made, was granted by the same justice who made the order for such examination, does not of itself amount to leave to renew.

The plaintiffs obtained an order for discovery upon a petition alleging upon information and belief that defendants had in their possession certain letters and bills of lading relating to the goods mentioned in the complaint, and books of account containing entries relating to them, and that said books and papers related to the merits of the action, and their inspection was necessary to prepare the case for trial.

*Held,* 1. That the possession by defendants of these books and papers, in the absence of denial by them, must be assumed; that if they exist, they would necessarily relate to the merits of the action, and that, therefore, a case is made out for a discovery, under section 803 of the Code.

2. The defendants' claim that no discovery can be ordered, except in the cases mentioned in rule 14 of the supreme court rules, is untenable, as by the provisions of section 804 to 808 of the Code, the general rules of practice may enlarge section 803 and the following sections, but they have no power to restrict the operations of those sections.

*General Term, June,* 1881.

*Before* DALY, *C. J.,* VAN BRUNT *and* BEACH, *JJ.*

*Mr. Buel,* for appellants.

*Mr. Whitehead,* for defendants.

PER CURIAM. — There are three appeals in this action : First, from the order of Mr. justice DALY, on the 18th of May, 1880, denying a motion to set aside a summons and complaint and order for examination of the defendants before trial herein; second, from the order of Mr. justice DALY, made on the first of June, 1880, denying a motion to vacate an order for discovery ; and, third, from the order of Mr. justice VAN HOESEN, of the 30th of July, 1880, denying a motion to vacate and set aside an order granting an examination of the defendants before trial.

It is sufficient to say, as to the first appeal, so far as the same is an appeal from the order denying the motion to set aside the summons and complaint upon the ground that no

specific persons are named as plaintiffs or defendants, that the said order was properly made, because any such objection to the summons and complaint had been waived by the answer of the defendants, and also by the delay of the defendants in moving therefor.

As to so much of said order as appears to have denied a motion to set aside the order for examination of the defendants before trial, it was properly denied, because it appears by an order dated April 5, 1880, that a similar motion had been made before judge LARREMORE and denied, and no appeal was ever taken from said order and no leave to renew such motion was ever given.

For the same reason the third appeal above mentioned — namely, that from the order of the thirtieth of July — is not well taken. The order of Mr. justice LARREMORE, of the 2d of April, 1880, was conclusive upon the parties to this action as to the order for examination, until it had been reversed or some leave to renew the application to vacate the order had been granted.

It is urged upon the appeal from the order denying the motion to vacate the order of discovery, that the facts presented by the papers in this action do not bring the case within the rules authorizing the discovery, and the claim is made that no discovery can be ordered, except in the cases mentioned in subdivisions 1 and 2 of rule 14 of the supreme court rules. By section 803 of the Code, it is provided that a court of record has power to compel a party to an action pending therein to produce and discover, &c., any book, document or other paper in his possession or under his control, relating to the merits of the action or of the defense therein. Section 804 provides that the general rules of practice must prescribe the cases in which discovery or inspection may be compelled, and the proceedings for that purpose, where the same are not prescribed in this act. The Code presents, as has been above stated, certain cases in which a discovery may be had — namely, where the book, document or other paper

desired to be discovered relates to the merits of the action or of the defense therein. Sections 805, 806, 807 and 808, prescribe the proceedings which are to be taken under section 803, and it is to be observed that section 804 simply authorizes that the general rules of practice must prescribe the cases and the proceedings where the same — namely, the cases and proceedings — are not prescribed in this act. In other words, the general rules of practice may enlarge section 803, and the other sections above named, but they have no power to restrict the operations of those sections.

It is claimed that the language of section 803 is so general that it leaves nothing, if the above construction is correct, for the general rules of practice to prescribe. If that interpretation is necessary, it will have to prevail, because the general rules of practice are expressly prohibited from operating upon those cases.

The enactment, in the supreme court rules, of subdivision 3 of the rule 14, is a mere recognition upon the part of the convention of judges that they had no right whatever to interfere with the provisions of the sections which we have mentioned. It therefore follows that, if the petition upon which the order for discovery was granted shows the jurisdictional facts, the order must be affirmed.

The petitioner in this case alleges upon information and belief that the defendants have in their possession one or more letters, and copies of one or more letters, bills of lading or receipts relating to the goods mentioned in the complaint in this action, also a bill of account of the goods, also books of account kept by the defendants' firm containing entries relating to the ordering, purchase and delivery of said goods. The petitioners also allege that said books and papers relate to the merits of this action and that the petitioners will be unable to prepare properly the case for trial without the discovery and inspection of those books and papers.

The possession by the defendants of these books and papers, in view of their failure to make any answer whatever to this

application denying such possession, must be presumed, and such papers, if they do exist, would necessarily relate to the merits of the action.

Since the above was written our attention has been called to the point that the order to show cause why the order for an examination before trial should not be set aside upon the return of which the order appealed from was made, was granted by the same judge who made the order of April 15, 1880.

We do not think that this order of itself amounts to leave to renew. There should be some indication contained in the order to show cause that it was the intention of the court to give leave to renew the motion.

In this county orders to show cause have unfortunately apparently become so much a matter of course that it would be entirely unsafe to predicate any judicial action upon the fact that one had been granted.

Under these circumstances it would appear that the judge acquired jurisdiction to grant the order of discovery, and such order should not be interfered with upon appeal.