PHILIP B. VEILLER, Respondent, *v.* EDWARD L. OPPENHEIM and Others, Appellants.

75 21
89 613
75 21
30ap624

*Inspection of business books, to frame a complaint — form of the action — right to an inspection of a party interested in the profits — abuse of the privilege.*

It is not to be assumed, from the mere statement that the action was brought for an accounting and settlement, in a plaintiff's affidavit for an order for the inspection of the defendants' books of account to enable him to frame his complaint, that the plaintiff is about to commence an action in form for an accounting, when it is apparent from facts set forth in the affidavit that the plaintiff was employed by the defendants under an arrangement which gave him, in lieu of salary, a certain percentage of the profits of their business, which did not constitute him a partner and under which, consequently, he could not maintain a suit in equity for an accounting, but was left to an action at law.

When a plaintiff has a direct interest in the profits and losses of the defendant's business, through being entitled to a percentage upon the profits in lieu of salary, a *prima facie* case is presented entitling the plaintiff to an inspection, when necessary, of the books of account containing a record of the common venture, and to all the information that can be derived from them ; and it is only where it is apparent that the application is made in bad faith that such inspection should be denied.

It is not to be assumed in advance that an abuse of the privilege of inspecting business books is intended, so as to warrant a modification of the order granting such inspection before facts arise which show an attempt to abuse the privilege or to make use of it for a purpose other than that for which it was granted.

APPEAL by the defendants, Edward L. Oppenheim and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 14th day of November, 1893, granting the plaintiff an inspection of the books of the defendants' firm, to enable the plaintiff to frame his complaint in the action.

*Otto. Horwitz,* for the appellants.

*Edward C. Perkins,* for the respondent.

O'BRIEN, J. :

Little need be added to the opinion of the learned judge at Special Term,* showing the reasons and necessity for the order

---

* The opinion rendered at Special Term is as follows :

BARRETT, J. :

The plaintiff was not a partner in the defendants' firm, but he was not an ordinary employee. He was an important co-worker with the defendants, and his interest had a direct relation to the profits of the firm. This interest was increased by the profits and decreased by the losses. As to the speculative account, it was expressly provided that he should have a specific interest in the profits, and be responsible for a specific percentage of losses.

It is apparent, therefore, that he is entitled to an inspection of the firm books, provided he has made out a *prima facie* case for the reopening of the accounts or statements furnished to him from time to time.

Such a *prima facie* case is, I think, clearly set forth in the rebutting affidavit used upon the previous motion, and made (with other papers) the direct basis of the present motion. Several grave inaccuracies — to use the mildest expression — are pointed out, and, while the defendants seek to explain the plaintiff's charges in some particulars, their explanations are not entirely satisfactory. They are certainly not conclusive against the application. One charge in particular is not met at all. I refer to the item of interest. By the agreement, the plaintiff's percentage of profits was to be ascertained by deducting from the gross profits interest on cash capital at the rate of five per cent, together with interest at the same rate upon the sum of $30,000 representing the approximate value of the defendants' seats in various exchanges.

It appears that after the new firm was formed on the 1st of May, 1891, the defendants privately arranged to credit themselves with six per cent upon this $30,000. They also arranged to withdraw their capital, as firm capital, and to credit such capital to their individual accounts as in form a loan to the firm, at

appealed from. The appellant insists that the judge, though he concluded that the plaintiff was not a partner, overlooked the statement in the plaintiff's affidavit alleging that his action was brought for an accounting, which he could not maintain in view of his relation to the defendants as an employee, or at best a co-worker. It is hardly just, however, to seize upon one expression in an affidavit, particularly where all the facts are presented to the court showing the character in which the plaintiff sues. The agreement with the defendants, which is set forth, shows that he was employed under an arrangement which would give him, in lieu of salary, a certain percentage of the profits of the business, which from time to time was increased.

six per cent. These interest charges were credited monthly, thus practically effecting compound interest. The defendants make no satisfactory explanation of this wrongful breach of their contract. Indeed, they seem to have concealed their acts in this respect from the plaintiff, and when he accidentally discovered what they had done, and taxed them with it, they vouchsafed no explanation, but simply intimated that it was no affair of his how they arranged their business interests as between themselves. Indeed, this is the position which they deliberately assume upon the present application, for Mr. Edward L. Oppenheim declares in his affidavit that: "The plaintiff has no concern whatever in the interest on the capital account to which in his affidavits he refers."

This position is quite untenable. It is true that the plaintiff has no concern with the private arrangements of the defendants, but he has every concern with their bringing their private arrangements into the accounts between him and them, and thus unjustly reducing his interest. I do not desire to comment harshly upon these acts, but I must say that, unless they were inadvertent, it is hard to see how they could have been in intention fair. Certainly, settlements based upon their concealment could not be permitted to stand.

It is sufficient, however, for the purpose of this application that the acts charged — those just pointed out and others specified in the papers — justify the inspection (in part) which the plaintiff seeks. And it is no answer to such an application, founded upon such facts, to say that the plaintiff has had from time to time an opportunity to examine the books. He is not an accountant, and he is not to be deprived of an expert examination merely because he has at times looked into the books. The inspection is to enable him accurately to frame his complaint. He might, possibly, without an inspection, frame some sort of a complaint, but not such a complaint as the courts approve of. A complaint founded upon such an examination as he has already made, or might have made, would be a very general and imperfect statement of his case — a statement which might well be attacked as indefinite and uncertain. He is not precluded from an inspection merely because in general terms he might aver certain broad facts justifying a prayer for an accounting. He has a right, and it is indeed his duty,

In the leading case of *Smith* v. *Bodine* (74 N. Y. 30) it was held that under such an agreement, which did not constitute the plaintiff a partner, he could not bring a suit in equity for an accounting, but was left to his action at law.   This circumstance, however, instead of being an obstacle, seems to us an additional reason why the inspection should be allowed.   In an action at law it will be necessary for the plaintiff to state the amount which he seeks to recover, and unless such amount can be ascertained from an inspection of the books, plaintiff will not be in a position to know just what sum he is entitled to sue for.   In such an action at law an account between the parties at some stage of the proceeding is practically taken, and this no doubt is what was intended to be expressed by the statement in the plaintiff's affidavit that his action was brought for an accounting and settlement, because we cannot assume that he was to commence an action in form for an accounting which, under the case above cited, would not lie.

The suggestion that the application is made in bad faith, and is in the nature of a fishing excursion, we think is sufficiently answered by the opinion of the court below.   In this connection, and upon the subject of the right to an inspection in general, we are referred to cases wherein it has been held that such motions should be granted with reluctance, and only in cases of necessity, and that it is the practice, except in a clear case, to deny such applications.   We have

to set forth the specific wrongs of which he complains, and to fortify his prayer by distinct allegations as to each matter which may be the subject of adjudication.

The examination should, however, be limited to the period commencing May 1, 1891.   That was the date of the formation of the new firm, and the plaintiff, at or about that time, gave the old firm a general release except as to certain specific matters referred to in the dissolution agreement.   No case is presented justly questioning this release, even *prima facie*   Whatever wrong is pointed out specifically, relates to the new firm, not to the old.

Nor is a case made out for the inspection of Mr. Oppenheim's private letter book.   On the contrary, it clearly appears that that book has no real relation to the subject of the present discovery.

The motion should, therefore, be granted so far as to permit an inspection by the plaintiff, and such expert accountant as he may select, of the defendants' books containing the transactions of the firm between the 1st day of May, 1891, and the 15th day of April, 1893, including all the accounts which, under the dissolution agreement of the old firm, were carried over to the new, and which were excepted from the release given by the plaintiff to such old firm.

Costs to abide the event.   Order to be settled on two days' notice.

no fault to find with such decisions, or with the proposition of law thus appealed to, but we have had occasion frequently to say that in all these applications each must stand upon its own footing and be determined by the merits involved in the particular application. The Code is authority for the right in a proper case to have an inspection, and a moment's reflection will show that there are cases which may be divided into classes, in one of which such right is more readily granted, and in another more uniformly denied. As an instance of the former may be cited the usual action between partners for an accounting, in which an inspection is permitted almost as a matter of course. As an instance of the latter class might be cited cases wherein the person suing has no relation to the defendant or his business, and has no right growing out of any relation to an inspection of his books. In such cases, unless it clearly appears either that the evidence sought is necessary for the purpose of framing a complaint, or is essential to the establishment of the plaintiff's case upon the trial, and cannot be procured in any other way, such application will be denied.

We think, however, there is a third class, of which the present is a good illustration, in which, while the relation between the parties may be that of employee and employer, or co-workers, in one or more aspects it takes on the character of a co-partnership. Here the plaintiff had a direct interest in the profits and losses of the business, his percentage being fixed upon the profits, which he was entitled to receive in lieu of salary. Where such relation is admitted, as in this case, whether such relation constitutes the plaintiff a partner, or a principal bringing business to the firm, or an employee entitled to a share of the profits, or a co-worker with them in the general business, we think, as argued by the respondent, that "so long as the plaintiff in one manner or another, under one name or another, was entitled to a portion of the proceeds of the common venture," a *prima facie* case is presented entitling those interested in that venture to an inspection, where necessary, of the books of account containing a record thereof, and to all the information that can be derived from them, and it is only where it is apparent that the application is made in bad faith that such inspection should be denied.

It is insisted, however, that the order, if not refused, should be modified by limiting the number of assistants whom the plaintiff might employ, to the end that it might not result in an abuse of the privilege granted to him by the court, in overrunning the defendants' office and interfering with their business. In the order itself the alternative is given of depositing the books in court, but as the defendants would probably prefer to retain them in their own custody the court granting the order would at all times see to it that the privilege was not abused, and upon the facts showing any attempt to abuse it, or to make use of it for other than the purpose for which it was granted, namely, to furnish information to the plaintiff, it would be withdrawn. As we should not assume that the plaintiff intends to abuse the privilege, we do not feel warranted in modifying the order, it being within the defendants' power, if their fears should be realized, to secure relief from the court.

We think, therefore, that the order should be affirmed, with ten dollars costs and disbursements.

VAN-BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.