(12 Misc. Rep. 3.)

## HOFMAN v. SEIXAS.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. DISCOVERY—DEFECTS IN APPLICATION—WHEN CURED BY ORDER.
    Too great generality in an application for inspection of books is cured
by particularizing the books in the order.

**2. SAME—DEMAND FOR JUDGMENT.**
    In an action at law a discovery is allowable in order to enable plaintiff
    to ascertain the amount for which he should demand judgment.

(Syllabus by the Court.)

Appeal from special term.

Action by Nathaniel Hofman against Alfred M. Seixas. From an order granting an inspection of books, defendant appeals. Affirmed.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

Avery F. Cushman, for appellant.

George Hahn, for respondent.

PRYOR, J. Upon an agreement entitling him to a percentage on purchases by the defendant the plaintiff sues to recover the amount so due him; and as he "has no means of knowing what purchases were made by the defendant, and so is unable to state the amount to which he is entitled," the plaintiff, in order to an appropriate prayer for relief, moved for "an inspection of all books, documents, and other papers relating to the merits of this action," in the possession or under the control of the defendant. In compliance with the motion, the defendant was directed to deposit with his attorneys, and permit the plaintiff to inspect, "his ledger and sales book, containing entries in reference" to the purchases by defendant. On appeal from such order the defendant impugns its validity on several grounds. First it is objected that "the petition does not state facts sufficient to warrant the order," because, since by subdivision 3, § 481, of the Code the demand for judgment may be for any sum "to which the plaintiff supposes himself entitled," it is not necessary that he name the exact amount of the recovery. In Veiller v. Oppenheim (Sup.) 26 N. Y. Supp. 1051, 1053, Judge O'Brien, with the concurrence of Van Brunt, P. J., and Follett, J., exploded a little criticism thus: "In an action at law it will be necessary for the plaintiff to state the amount which he seeks to recover, and, unless such amount can be ascertained from an inspection of the books, plaintiff will not be in a position to know just what sum he is entitled to sue for." Again, defendant objects that it is not apparent that the plaintiff "has exhausted all means of information at his command." Nevertheless it is the fact that he explored without result the one source of intelligence open to him, and how futile would have been an application to the defendant is sufficiently evinced by the stubborn resistance to the present motion. Again, it is urged that the order is invalid, because "neither the petition nor the notice of motion specifies the particular books or documents which the plaintiff desires to examine." But the order designates the ledger and sales book, so that the exorbitant demand in the notice of motion is denied, the generality of the moving papers is reduced to a particular by the order, and nothing more is exacted of the defendant than would have been allowable had plaintiff's papers been technically precise. Still again, defendant objects that "the petition is not verified in accordance with the rule of court," but wherein

it is defective the brief does not apprise us.   Rule 15 merely re-
quires that "the moving papers be verified by affidavit," and plain-
tiff's petition is authenticated by just such a verification.   Finally,
the defendant complains "that the application is not made in good
faith, but is a pure and simple fishing excursion."   "Bad faith"
and "fishing excursion" is the uniform answer to applications for
discovery, and, were the answer sufficient, the relief would be un-
attainable.   The petition to which defendant refers us for proof
of his imputation suggests to us no suspicion of sinister motive in
the application.   If the adjudication in Veiller v. Oppenheim,
supra, be not conclusive as authority upon this appeal, the opinions
of Barrett and O'Brien, JJ., are convincing as argument.   Order
affirmed, with costs and disbursements.   All concur.