(13 Misc. Rep. 48.)

## LORD v. SPIELMANN et al.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

DISCOVERY—INSPECTION OF BOOKS.

In an action for an accounting of the business transacted between plaintiff and defendant under an agreement by which the profits should be divided in a certain way, defendant to keep the books, plaintiff will be allowed an inspection of such books; and it is immaterial that he had had an opportunity to inspect them.

Appeal from special term.

Action by William A. Lord against Charles Spielmann and others. From an order granting plaintiff's motion for an inspection and discovery, with leave to take copies of certain books, papers, and documents in defendants' possession, defendants appeal.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Charles E. Rushmore, for appellants.

Estes, Barnard & Tiffany, for respondent.

BOOKSTAVER, J.   This action is for an accounting of the business transacted between the plaintiff and the defendants since the 31st day of December, 1890, under a written agreement whereby the plaintiff was to have the entire charge of the necktie department in defendants' store for three years from January 1, 1891; the defendants to advance all money required for the conduct of the business in said department, including the wages of all salesmen and employés, traveling expenses, payments for merchandise, etc., for the department, all of which advances and payments were to be charged to plaintiff or his department in defendants' store, and they were to keep the books.   By the agreement the plaintiff was to pay defendants interest on all goods bought and in stock, allow them 6 per cent. on the gross sales, and a percentage on the net sales, to cover defendants' commissions, and for store rent, fire insurance, office expenses, etc.   Plaintiff was also to bear all losses except bad debts, which were to be shared equally between the parties; and, after repaying to defendants all expenses, interest, and advances, plaintiff was to have the balance of the net profits; and he was to arrange for all goods purchased and assigned, and all goods consigned to him were to be turned over to defendants, who were to hold the same as security until all claims against the plaintiff were paid.   According to the agreement, statements of the business were to be rendered by defendants to plaintiff, and they were to supervise and control the department, as well as the advances to be made to the plaintiff, etc.   The parties carried out this agreement, so far as appears, until the spring of 1893, when defendants claim plaintiff went abroad against their will, and neglected the business, and on his return in May they refused to continue further business relations with him.   After the action was commenced, plaintiff asked for an inspection of the books for the entire period he was with the defendants, but the learned justice who heard the motion denied the application, so far as the years 1891 and 1892 were concerned,

on the ground that the accounts for those years were formally settled and adjusted, and were accepted by the plaintiff as correct; and on the further ground that there was no allegation of error in these statements, except as to a small charge, which was too trifling to authorize a reopening of the accounts so adjusted; but granted it so far as to direct the defendants to produce and deposit certain books containing entries of the business of the necktie department, and also the bills and documents relating to that department, for the year 1893, down to April 1, 1893, in the office of a referee, appointed by him to have the custody of the same in order to enable the plaintiff to examine the books, papers, and documents, and take copies of the same. As between partners, an inspection of the books of the copartnership is permitted almost as a matter of course. And where a person has a direct interest in the profits and losses of the business, whether such relation constitutes him a partner or a principal bringing business to the firm, or an employé entitled to a share of the profits, or a co-worker with a partnership in the general business, so long as he in one manner or another, under one name or another, is entitled to a portion of the proceeds of the common venture, a prima facie case is presented, entitling him to an inspection, unless it appears that the application was made in bad faith. The mere fact that the plaintiff had an opportunity to examine the books, etc., does not preclude him from his right to an inspection, and to an examination made by an expert, in order that he may be entitled to properly prepare his case for trial. Vieller v. Oppenheim (Sup.) 26 N. Y. Supp. 1051, 31 Abb. N. C. 181, and cases cited in note; Lefferts v. Brampton, 24 How. Prac. 257; Union Paper-Collar Co. v. Metropolitan Collar Co., 3 Daly, 171; Amsinck v. North, 62 How. Prac. 114; Ahlmeyer v. Healy, 12 N. Y. St. Rep. 677. The statements furnished him were not itemized, and the defendants' books are his only means of gaining the information sought. The contention of the appellants that the books could be produced on the trial by a subpoena duces tecum is not well founded. It is manifest such a course would not avail the plaintiff in preparing his case for trial, and is no reason why an order like the present should not be granted. Lefferts v. Brampton, supra; Babbitt v. Crampton, 1 Civ. Proc. R. 169; 2 Wait, Prac. 553; Low v. Graydon, 14 Abb. Prac. 443. We therefore think the order of the special term was proper, and should be affirmed, with costs. All concur.