PHILIP DIETZ ET UX.
v.
ROGER W. ATWOOD.

DEBTOR AND CREDITOR—FRAUDULENT TRANSFER.—If a debtor use his
personal property upon the real estate of another with the knowledge and
consent of the owner, so that it becomes a part of such realty, for the pur-
pose of defrauding his creditors and preventing them from obtaining satis-
faction of their demands, they may still follow the property into the hands of
the owner of the premises, and fasten their claims upon such premises to
the extent of the debtor's property so appropriated.

APPEAL from the Circuit Court of Madison county; the
Hon. AMOS WATTS, Judge, presiding. Opinion filed July 10,
1886.

The original bill in this case sought to set aside a convey-
ance from appellant, Philip Dietz, to his wife, Wilhelmina,
dated March 17, 1868, of lot one, block eleven, in Russell's
addition to Alton, on the alleged ground that it was made

with the intent to hinder and delay appellee and other creditors of the said Philip Dietz. It is alleged in the bill that appellee obtained judgment against appellant Philip Dietz in the Circuit Court of Madison county, on the 18th of October, 1883, for $833.43 and costs, on an indebtedness existing at the time of the conveyance, and that an execution issued on such judgment has since been returned *nulla bona.*

To this bill appellants filed their joint answer, averring, among other things, that the premises conveyed was their homestead, and that at the time of the conveyance it did not exceed in value one thousand dollars. On the coming in of this answer, appellee amended his bill alleging that in the year 1882 Philip Dietz, with the knowledge and consent of his wife, Wilhelmina, and with the intention of defrauding complainant, built with his own money, upon the conveyed premises, a dwelling house at a cost of $1,000, thereby increasing the value of said premises to $1,500, and that said new dwelling has, since its erection, been occupied by and rented to tenants of the appellants. The prayer of the bill as amended is that in case the deed can not be set aside, that defendants be decreed to pay the complainants the cost of the dwelling house to the extent of the judgment, and in default thereof, that the said house and a reasonable part of said premises in connection therewith, be sold to satisfy such judgment. These allegations were denied by appellants in their answer to the bill as amended. The decree finds the conveyance as alleged in original bill; that at that time the premises were occupied by appellants as a homestead, and were not worth $1,000; that during the year 1882, Philip Dietz, with his own money and with the knowledge and consent of his wife, erected on the premises, the dwelling house mentioned in the amendment to the bill, without any consideration from the wife; that prior to the erection of the house the premises were not worth more than $1,000, but that the erection thereof has increased the value of the same beyond that amount; that the house has been occupied by tenants since its erection; that Philip Dietz was, at the time he built the dwelling house, largely indebted, and did not retain enough of his means to pay such indebted-

ness; that his wife knew of his indebtedness, and that the erection of such house was a fraud upon complainant. It is then ordered that unless Philip Dietz, or some one for him, pay complainant in thirty days, the amount of his judgment, the master in chancery proceed to appoint three commissioners to appraise the premises and set off a homestead to appellants, and the master proceed to sell the remainder thereof to satisfy complainant's judgment, or in case the commissioners report the premises indivisible and appraise it at more than $1,000, the master shall notify appellants, and in case they fail to pay the excess of value over $1,000, or so much thereof as is necessary to satisfy the judgment, interest and costs, within sixty days, the master to sell the entire premises and pay Wilhelmina Dietz $1,000, and apply the balance in payment of the judgment, etc., surplus, if any, to go to Wilhelmina Dietz.

Mr. JOHN G. IRWIN, for appellants.

Messrs. WISE & DAVIS, for appellee.

WILKIN, J. As against Wilhelmina Dietz, there is manifest error in this decree appearing on its face. It finds the conveyance to her by her husband valid as against his creditors (the premises being a homestead worth less than $1,000) and yet in effect sets it aside as to a part of the lot conveyed. The most that could be claimed on the facts alleged and proved in this case would be that the erection of the new house on the wife's land should be treated as a gift to her, to the extent that the value of the premises have been enhanced by the improvement, not exceeding the amount of money so invested. The decree, however, seeks to take not only the enhanced value, but all of the property in excess of one thousand dollars in value. The court by this decree does not find the value of the improvement, nor the extent to which the premises have been increased in value, but allows commissioners, appointed by the master in chancery to determine how much of the property, or its value, shall be taken.

This is not a proceeding to subject a homestead to sale, and there is no authority of law for vesting such power in commissioners. The question of homestead is only material in the case in determining whether or not the conveyance of March 17, 1868, was fraudulent or not.

That question being settled in favor of appellant, the legal title was vested in the wife, and any increase in the value of the property arising from causes other than the expenditure of money thereon by the husband was hers as absolutely as though she was a stranger to the grantor.

The question then arises as to the rights of the parties, regardless of any question of homestead. The law seems to be that "if a debtor use his personal property upon the real estate of another, with the knowledge and consent of the owner, so that it becomes a part of such realty, for the purpose of defrauding his creditors, and prevent them from obtaining satisfaction of their demands, they may still follow the property into the hands of the owner of the premises thus benefited, and fasten their claims upon such premises to the extent of the debtor's property so appropriated." Bump on Fraudulent Conveyance, 239, and cases cited in note one. Especially see Lyman v. McGregor, 38 Allen, 182.

If, therefore, the court below, on a second hearing, should find that the husband invested his money in the improvement of the wife's property (not reasonably necessary to keep it habitable, and in repair as a home for the family), and that he made such investment with the intent to hinder and delay his creditors, and with the knowledge and consent of his wife, and without any consideration from her, then the appellee would be entitled to a decree against the premises for the satisfaction of his debt to the extent that the investment of the husband's money has increased the value of such premises if anything, but not exceeding the amount of money so invested.

The finding of these facts are for the court, by reference to the master or otherwise, so as to fix the rights of the parties by its decree.

For the errors indicated, the decree will be reversed and the cause remanded.

Reversed and remanded.