## Arthur McGinn *v.* A. Penrose Benner, Appellant.

*Referee's findings of fact—Review.*

A referee's distinct and specific findings of fact when reviewed upon exceptions in the court below, and confirmed by that court, will not be reversed, except for clear error.

*Partnership—Account stated—Equity.*

On a bill in equity by one partner against another for an account of moneys collected, it appeared that about one year before the bill was filed the defendant had furnished the plaintiff a summary of the amounts collected and paid out for several years, which contained, for one of the years, merely one item for cash collected and one item for cash paid out, with items to be collected and items for bills yet to be paid. No objection was made to the account before the bill was filed. *Held*, (1) that the summary was not an account stated; (2) that the plaintiff was not estopped from controverting it.

*Equity—Jurisdiction—Partnership—Controversy over real estate.*

When a court of equity has acquired jurisdiction over a cause for one purpose, it may retain it for purposes of equitable relief not covered by the original prayers for relief in the bill. It seeks to prevent all unnecessary litigation, and will, wherever this is practicable, dispose of the entire transaction brought under its notice.

On a bill in equity by one partner against another for an account, the plaintiff prayed that in addition to an accounting the defendant should convey to him a house and lot alleged to have been bought with partnership funds. Subsequently the parties agreed to submit the case to a referee, and that he should consider and dispose of any prayer for relief that

should be made by the defendant, with the same effect as if a cross bill had been filed by him, stipulating only that such prayer for relief be reduced to writing and filed with the referee. Under this agreement the defendant immediately filed with the referee a brief prayer for relief in regard to the house and lot, asking that the plaintiff be required to surrender possession and account for accrued rents during his occupancy. No answer or demurrer to this prayer was filed, the hearing proceeded without objection on the part of the plaintiff, and the evidence relating to the house and lot was fully heard. *Held*, that the referee had jurisdiction to dispose of the questions relating to the house and lot.

Argued Jan. 14, 1897. Appeal, No. 482, Jan. T., 1897, by defendant, from decree of C. P. No. 1, Phila. Co., Dec. T., 1894, No. 1005, dismissing exception to report of referee upon bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity for an account and other relief.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to referee's report.

*John B. Thayer*, for appellant.—A plea of stated account is a good bar, for there is no rule more strictly adhered to in this court, than that when the defendant sets up a stated account he shall not be obliged to go upon a general one : Sumner v. Thorpe, 2 Atk. 1 ; Story's Eq. Jur., 518, 527 ; Daniell's Ch. Pl. & Pr., 665, 1253 ; Bispham's Eq., secs. 485, 486.

Where a bill is brought for a general account and the defendant sets forth a stated one, plaintiff must amend his bill, for the stated account is a prima facie bar, and a bill of particular errors must be assigned to the stated account : Brown v. Vandyke, 4 Halsted Ch. 795 ; Cruise v. Walker, 6 Phila. 294 ; Collyer v. Collyer, 38 Pa. 258 ; Campbell v. Knowles, 13 Phila. 163 ; Lindley on Partnership, 968 ; Seton on Decrees, 454 ; Emmons v. Stahlnecker, 11 Pa. 366 ; Shillingford v. Good, 95 Pa. 25 ; Chappedelaine v. Dechenaux, 4 Cranch, 306 ; Brun v. Hone, 2 Barb. 586.

The referee refused to report a decree requiring the plaintiff to surrender possession of the Christian street house and account to the defendant for the rents and profits during his occupancy

thereof. The provision in the agreement of submission was expressly made to cover this very point, and was so understood by all parties. The request for relief could be made with like effect as if a cross bill had been filed, after the referee had considered and decided as to the question of an existing trust ex maleficio. Had he found for plaintiff on this point the provision which was for defendant's protection would have been of no purpose.

Conceding that a bill for possession standing alone was an ejectment bill and, therefore, demurrable, yet it is respectfully urged that as a cross bill to a bill to enforce a trust in land ex maleficio, the court can take cognizance: Datz v. Phillips, 137 Pa. 203; Daniell's Ch. Pl. & Pr. 330.

Where once a court of equity has obtained jurisdiction of a cause of action for one purpose it may retain it for purposes of equitable relief not specially prayed for but disclosed by the evidence: Ahl's App., 129 Pa. 49; Allison's App., 77 Pa. 221; Adams's App., 113 Pa. 449; Datz v. Phillips, 137 Pa. 203; Johnston v. Price, 172 Pa. 427; Sunbury & Erie R. R. v. Cooper, 33 Pa. 278; Long's App., 92 Pa. 179.

*V. Gilpin Robinson*, and *George P. Rich*, of *Rich & Boyer*, for appellee.—The statement of January 16, 1893, was not an itemized statement, and was not intended as a final settlement, or a striking of a balance, but was a mere memorandum furnished by one partner to the other. At most it was prima facie evidence of the state of accounts: Sergeant v. Ewing, 30 Pa. 83; Jones v. Dunn, 3 W. & S. 109; Killam v. Preston, 4 W. & S. 14; Geyer v. Carpenter, 15 Phila. 172; Rehill v. Mc-Tague, 114 Pa. 94.

OPINION BY MR. JUSTICE WILLIAMS, March 22, 1897:

Most of the assignments of error relate to questions of fact upon which the referee has made distinct and specific findings. These findings have been reviewed upon exceptions in the court below and have been concurred in by the learned judge of that court. It is incumbent on one who alleges error in these findings notwithstanding their approval to point out the error plainly. If this is not done by an appellant this court will adopt the conclusions reached by the referee, and approved by the judge

sitting as chancellor at the hearing in the court below. The appellant in this case, while objecting to the referee's findings upon several questions of fact, has not pointed out such plain error in them as to require us to overturn them or any of them. The first of these is the subject of the first assignment of error. In January, 1893, the defendant had furnished the plaintiff with a summary of the amounts collected and to be collected on behalf of the firm and the gross amount paid out in the years 1887 to 1891 inclusive. This bill was not filed until more than one year after said summary was furnished. No objection to it had been made in the meantime, and the defendant alleged that the plaintiff was now estopped from controverting any of the items contained in it. The referee held that this mere summary of the affairs of the firm, not having been objected to in any manner by the plaintiff was evidence, prima facie, of all that was stated upon it, but that the prima facies might be overcome by proof of mistake or fraud as to any item therein. This was all the defendant had any right to ask when the character of this alleged account stated is considered. The summary for 1891 contains one item for cash collected of $82,557.11, items for cash to be collected amounting to $23,084.19, total $105,641.30. The other side of the account has one item of cash paid to date $81,964.09 and items for bills yet to be paid $19,555.06 making a total of $101,519.15. This can hardly be called an account stated. It shows upon its face that the transactions for the year are not closed. It gives no item of expenditure to which the plaintiff could object. It furnishes no notice of the manner in which the totals of either debit or credit are made up, and no data upon which to rest an objection to any undisclosed item that may have entered into the totals on either side of the account. If the learned and painstaking referee made a mistake in his treatment of this question it was not against the appellant. The other assignment of error that requires notice is the seventh. The plaintiff had incorporated into his bill an averment that the defendant held title to a dwelling house situated on Christian street, Philadelphia, which he had bought with partnership funds at the request and for the use of the plaintiff, and asked a decree enjoining the defendant from incumbering or disposing of it, and requiring him to convey the said house and lot to the plaintiff upon the payment by him of

any balance that might be due to the defendant thereon. On April 18, 1895, the parties took this case from the equity trial list, and referred it to E. Hunn Hanson, Esq., for trial, with the evident intention of closing up all litigation and adjusting the balance, if any, that might be due to the plaintiff. They agreed that the referee should consider and dispose of any prayer for relief that should be made by the defendant with the same effect as if a cross-bill had been filed by him, stipulating only that such prayer for relief be reduced to writing and filed with the referee.

Under this agreement and immediately after it was made the defendant filed with the referee a brief prayer for relief in regard to the Christian street house, asking that the plaintiff be required to surrender possession of the house and lot and account for accrued rents during his occupancy. No answer or demurrer to this prayer was filed, but the hearing proceeded without objection on the part of the plaintiff, and the evidence relating to this subject was fully heard. We cannot see why in this state of the record and of the evidence the referee should not have passed upon all the questions which the parties had submitted to his decision, and ascertained the actual balance due from the defendant to the plaintiff. The plaintiff had asserted that the title to this property was held by the defendant in trust for him as the beneficial owner. The defendant asserted on the other hand that he held the title as his own. It became necessary therefore to investigate and decide this question. The prayer for relief filed by the defendant asked that if his contention was sustained the plaintiff should be required to surrender the house to him and account for its use. This in the absence of any objection or reply became, under the agreement of the parties, a subject for the examination and decision of the referee. The jurisdiction, if otherwise doubtful, was conferred by the parties by their agreement and subsequent conduct. Under such circumstances the rule of equity that when the court has acquired jurisdiction over a cause for one purpose it may retain it for purposes of equitable relief not covered by the original prayers for relief in the bill is applicable : Allison's Appeal, 77 Pa. 221. Another well settled rule is that a court of equity seeks to prevent all unnecessary litigation and will, wherever this is practicable, dispose of the

entire transaction brought under its notice: Johnston v. Price, 172 Pa. 427. Whether the joinder of the controversy over the title of this house with that over the true balance of the partnership accounts in the original bill should have been made is not now before us. This question was taken out of the case by the written prayer of the defendant that it should be considered and disposed of by the referee, and by the subsequent conduct of the plaintiff. This assignment of error is sustained. The others are overruled. The decree is reversed as to the Christian street house and lot, and the referee is directed to ascertain what, if any, rents are due thereon to the defendant, and apply the amount thereof on the balance found due to the plaintiff by so much of the decree appealed from as stands unreversed, and make such further order in regard thereto as the rights of the defendant in said property may require.