# McGinn, Appellant, *v.* Benner.

*Partnership—Accounting—Equity.*

On a bill in equity by one partner against another praying for an account of the partnership matters, and that certain moneys in the hands of an agent of a partnership should not be paid to the defendant, the court may enter a decree in favor of the plaintiff on a general accounting, and is in error if it merely awards the plaintiff the balance in the hands of the agent.

Argued Dec. 12, 1902.    Appeal, No. 210, Oct. T., 1902, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1894,

134, (1903).] Statement of Facts—Opinion of the Court.

No. 1005, on bill in equity in case of Arthur McGinn v. A Penrose Benner. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Bill in equity for an account. Before BREGY, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*George P. Rich*, of *Rich & Boyer*, with him *V. Gilpin Robinson*, for appellant.—Courts of equity, when they entertain jurisdiction of a cause, first require all the parties interested to be brought before them, and then do complete justice between all the parties, settle all their controversies, and make an ending of the case for all time, leaving nothing for future litigation: Johnston v. Price, 172 Pa. 427; McGinn v. Benner, 180 Pa. 396; Parker v. Dee, 2 Ch. Cas. 20; Gloninger v. Hazard, 42 Pa. 389.

When a court of equity has acquired jurisdiction over a cause for one purpose, it may retain it for the purposes of equitable relief not covered by the original prayers for relief in the bill: Allison's Appeal, 77 Pa. 221; McGinn v. Benner, 180 Pa. 396–400.

*R. H. Hinckley*, for appellee, filed no paper-book.

OPINION BY BEAVER, J., January 20, 1903:
Plaintiff filed his bill in the court below, alleging a partnership between him and the defendant; that the defendant, as his partner, had received certain sums of money, for which he was liable to account to him; that Cantrell, as the agent or attorney of both partners, had collected certain sums of money which under an agreement between them were to be paid out in accordance therewith; that, after the payment of the said claims, a balance would remain in Cantrell's hands, and praying, among other things, that an account be stated between plaintiff and defendant, and defendant be directed to pay to plaintiff what, if anything, should, upon the taking or stating of such account, appear to be due from him; that defendant be restrained by an injunction from collecting or receiving any of

the moneys in the hands of Cantrell, and that Cantrell be restrained by an injunction from paying over the said moneys now in his hands, or any part thereof, to the said defendant.

The court found, as facts, that plaintiff and defendant were partners; that some of the bills for work done were placed in the hands of Francis S. Cantrell, Esq., for collection; that the claims for liens in the hands of Cantrell belonged to the partnership; that the sum of $1,264.63 is the amount of allowance for commissions which had been paid by the paving block company to the defendant; that the amount in the hands of Cantrell due the partnership is $1,773.81; that there was due the New York & Maine Granite Paving Block Company the sum of $1,505.25; that the question of the liability of the partnership to be charged with Benner's account for office expenses was adjudicated and settled against Benner in decree on previous bill.

As conclusions of law, the court found that the sum of $1,505.25, due the New York & Maine Granite Paving Block Company should be deducted from the amount of $1,773.81 in Cantrell's hands, leaving a balance of $268.56 to be distributed among the partners, and further, " The commissions, amounting to $1,364.63, Mr. Benner has sworn have already been paid to him and I have so found. One half of that sum, under the terms of the partnership, belonged to Mr. McGinn. I cannot make a decree in a hearing on this bill in equity, directing Mr. Benner to pay over to Mr. McGinn his share of the commissions; but, as the equal division of the sum in hand, to wit: $268.56, would give to each $134.28, the amount that would otherwise go to Mr. Benner should be paid to Mr. McGinn and thus far reduce the balance due on the commissions account. I, therefore, award $1,505.25 to the New York & Maine Paving Block Company and $268.56 to Arthur McGinn, and direct Francis S. Cantrell, Esq., to distribute the sum of $1,773.81 in his hands in accordance with said award. "

The parties, plaintiff and defendant, having submitted their difference to the court and there being a specific prayer for an accounting and a decree directing either partner to pay to the other the balance found to be due him, we are at a loss to see why the court had no jurisdiction to make a decree directing the defendant to pay over to the plaintiff the one half of the

commissions received by him.  If the court had authority to award the entire balance in Cantrell's hands, after paying the claim of the New York & Maine Paving Block Company, the one half of which belonged to Benner, to the plaintiff, how was it that a decree for the balance of the commissions in Benner's hands belonging to plaintiff could not have been likewise made ? The power and authority of the court were invoked in the prayers of the bill and were just as effectual in the one case as the other.

The accounts, as between plaintiff and defendant, so far as the findings of the facts go, would have been :

| | |
|---|---:|
| Balance in the hands of Cantrell . . . | $ 268 56 |
| Commissions received by Benner belonging to the partnership . . . . . . . | 1,364 63 |
| Total . . . . . . . . | $1,633 19 |

—one half of which belongs to the plaintiff, $816.59.  For this amount the plaintiff was entitled to a decree, but deducting the sum of $268.56, the amount due from Cantrell, the one half of which belonged to the defendant, would leave $548.03, to be paid by the defendant to the plaintiff.

In a previous suit in equity between the same parties (see McGinn v. Benner, 180 Pa. 396), the Supreme Court said : " Another well settled rule is that a court of equity seeks to prevent all unnecessary litigation and will, wherever this is practicable, dispose of the entire transaction brought under its notice : Johnston v. Price, 172 Pa. 427." Applying this well known principle here, we can see no difficulty whatever in a final disposition of the controversy between the plaintiff and the defendant in this proceeding in equity.

The decree of the court below is, therefore, reversed, and the record remitted to the court below, with direction to enter a decree in favor of the plaintiff and against the defendant for the payment of the balance in the hands of the defendant due to the plaintiff, namely, $548.03, and it is further ordered that the defendant pay the costs of the proceeding in the court below and in this court.