## John Curtis & Co. *v.* Olds, Appellant.

*Equity—Equity jurisdiction—Fraud—Gift of property to wife— Creditor's bill.*

1. The loss of a remedy at law, through the misrepresentation of an adversary, is ground for invoking the aid of equity.

2. If a husband is in embarrassed circumstances at the time he makes improvements on his wife's land, the money or improvements furnished will be regarded as a gift in fraud of his creditors.

3. Plaintiff erected a house for defendant's husband, upon his representation that he was the owner of land upon which the house was erected, and at the request of the husband refrained from filing mechanic's liens under the contract. Subsequently the husband died insolvent, and it was discovered that the title to the property was in the name of defendant, his wife. Plaintiff filed a bill in equity averring the knowledge of defendant of the facts surrounding the transaction, setting up a voluntary conveyance of the property by the husband to the wife, and praying that it be awarded the balance of the contract price out of the price received from the sale of the property. *Held,* the lower court did not err (1) in holding that plaintiff had not an adequate remedy at law, in view of the death of the husband insolvent, and that equity had jurisdiction, and (2) in entering a decree directing the assignment of a sufficient amount of a purchase-money mortgage, given by a subsequent purchaser of the house, to the defendant, to cover plaintiff's claim.

Argued April 14, 1915. Appeal, No. 396, January T., 1914, by defendants, from decree of C. P. Luzerne Co., March T., 1912, No. 5, in equity, for plaintiffs, awarding an injunction and requiring defendants to pay plaintiffs' claim from the proceeds of certain property held by defendants' in case of John Curtis and Harry G. Pethick, trading and doing business as Curtis & Co., and Joseph G. Schuler, trading and doing business as Schuler Bros., v. Mary T. Olds, John A. Redington and the Miners Bank of Wilkes-Barre, Pa. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Bill in equity by a creditor to compel payment of its

claim from property in the hands of defendants.    Before
STRAUSS, J.

The opinion of the Supreme Court states the facts.

The court awarded the relief prayed for.    Defendants
appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and conclusions of law and the decree of the
court.

*Daniel A. Fell,* with him *W. Alfred Valentine,* for appellants.—Equity is without jurisdiction in this case,
because the plaintiffs have a full, complete and adequate
remedy at law: Bank v. Biddle, 2 Parsons 31; Heilman
v. Union Canal Co., 37 Pa. 100; Miller v. Kullesowicz,
41 Pa. Superior Ct. 39.

The appellant, Mrs. Olds, cannot be deprived of her
property on account of any false representations made
by her husband but not made in her presence or by her
authority: Reese v. Reese, 157 Pa. 200; Martin v. Rutt,
127 Pa. 380; Thomas v. Butler, 24 Pa. Superior Ct. 305.

*John McGahren,* with him *H. A. Gordon, A. L. Williams* and *R. B. Alexander,* for appellees.—The remedy
at law would have been ineffectual and the relief afforded by common law action inadequate: Fowler's
App., 87 Pa. 449; Houseman v. Grossman, 177 Pa. 453;
Peoples Nat. Bank of Pittsburgh v. Loeffert, 184 Pa. 164;
Orr v. Peters, 197 Pa. 606; Barto's App., 55 Pa. 386;
Frarey v. Wheeler, 4 Ore. 190.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

In this case the defendant, Mary T. Olds, denied the
right of the plaintiffs to file a creditor's bill to enforce
collection from property standing in her name by gift
from her husband, of claims contracted for the improvement of the property, on the faith of statements made by
the husband as to his ownership, which were false, but

were made without intent to defraud. She contends that as plaintiffs had the right to file mechanic's liens, and had also the right to sue the debtor in assumpsit, they were not without a remedy at law, adequate and complete. The allegations of the bill were found by the court below to be substantially correct, and most of them were admitted by the defendant. It is averred that F. L. Olds bought a tract of land, paid for it with his own money, and had the deeds made out to his wife. That having represented that he was the owner of the land, he concluded a contract with Curtis & Company for the erection of a house to cost $10,134.91, which contract was carried out by them. That he paid the contract price out of his own money, with the exception of a balance of $2,119.39, for which he gave a note accompanying a letter, in which he refers to the property in question here, as "my Dorranceton residence." That Curtis & Company refrained from filing mechanic's liens under the contract, at the solicitation of Mr. Olds. That he and his family moved into the house when it was completed, and throughout the transaction Mr. Olds represented himself as owner of the lots and dwelling. That Mr. Olds died insolvent, and the plaintiffs had no knowledge that the title to the property was not in his name, until after his death. That Mrs. Olds had at first appeared willing to pay the claim, but later refused to do so, and plaintiffs were informed that she was about to sell and dispose of the property, and averring that the transaction constituted a fraud on them, they prayed that the defendant be restrained from disposing of the property, and that she be compelled to make payment of the balance due. In an amendment to the bill subsequently filed it was averred that Mrs. Olds was present while the work was being done, and at no time disavowed the right or authority of her husband to act for her in the erection of the dwelling, and that since the filing of the original bill she had, contrary to an express agreement of counsel, which had prevented the plaintiffs from

pressing the prayer for a preliminary injunction, sold the property to J. A. Redington, for a consideration of $14,500, of which $6,500, was in cash, with a purchase-money mortgage for the remainder, which mortgage had been assigned in trust for the benefit of defendant. After finding the facts to be substantially as alleged in the bill, the court below reached the conclusion that while Mr. Olds had been guilty of no intentional fraud, yet in equity his conduct constituted presumptive fraud, and the plaintiffs should, therefore, be permitted to follow the proceeds of the property which had been largely increased in value by their labor and expenditures. The court below held that the plaintiffs were without a full, complete and adequate remedy at law to enforce the collection of their claims against the defendant, in view of the fact that her former husband was dead at the commencement of this action, that he was insolvent at the time of his death, and that the said defendant had since the inception of this suit sold and disposed of the property to John A. Redington, who has since been joined as a defendant in this suit. And as a final conclusion the court held that plaintiffs were entitled to a decree directing the assignment of a sufficient amount of the purchase-money mortgage given by Redington to defendant, to cover the claims of the plaintiffs. A decree was entered accordingly, and from the confirmance of that decree by the court in banc, defendant has appealed. That the court has jurisdiction in equity in this case, we have no doubt. The rule as stated in Bispham's Principles of Equity (8th ed.), section 201, is as follows: "As the jurisdiction of equity embraces......fraud of all kinds, it affords relief in many instances in which no ground for redress whatever exists at law. In such cases, therefore, its jurisdiction is exclusive, and the only remedy which the injured party can have is by bill in chancery. Thus, a great many transactions are presumed to be fraudulent in equity which are not so in law, where the rule is that fraud must be proved, and cannot be pre-

sumed. In equity fraud may be inferred from attendant circumstances (Kisterbock's App., 51 Pa. 483, is directly in point as to this statement) ; it may be presumed from the subject matter of the contract; or from the relation of the parties; or it may afford ground for relief when it simply affects third persons not parties to the transaction." Here the court found that plaintiffs relied on the representation of ownership made by Mr. Olds, and that while he intended no actual fraud, yet his action resulted in a fraud on the rights of the plaintiffs. They were led to refrain from filing mechanic's liens, as they had the clear right to do. The loss of a remedy at law through the misrepresentation of an adversary is in itself ground for invoking the aid of equity. The effectiveness of the suggested remedy in an action of assumpsit is, to say the least, doubtful. Mr. Olds died insolvent and Mrs. Olds has transferred what is said to be her only visible asset and holds the proceeds in the shape of a purchase-money mortgage. When this bill was filed the court of equity had an undisputed right to entertain jurisdiction over the case to prevent the encumbrance or conveyance of the property, pending litigation. Fowler's App., 87 Pa. 449 (455). The jurisdiction of equity having attached for this purpose would continue and settle the whole controversy. Allison's App., 77 Pa. 221; Orr v. Peters, 197 Pa. 606 (614). The jurisdiction of a court of equity to entertain a creditor's bill in cases of this character was pointed out in the latter case, as it was in Peoples Nat. Bank of Pittsburgh v. Loeffert, 184 Pa. 164; Houseman v. Grossman, 177 Pa. 453, and Barto's App., 55 Pa. 386. If the husband is in embarrassed circumstances at the time he makes improvements on his wife's land, the money or materials furnished will be regarded as a gift in fraud of his creditors. Nance v. Nance, 84 Ala. 375; and such a gift is treated in the same manner as any other voluntary conveyance in fraud of creditors. Ware v. Seasongood, Menderson & Co., 92 Ala. 152. It is suggested

that the wife did not participate in the fraud in the present case. But a sound and proper rule would require that a voluntary gift be held void, if made to defraud creditors, whether the donee participates in the fraud, or not. A creditor's bill will lie to reach improvements made by a debtor on the real estate of another: Dietz v. Atwood, 19 Ill. App. 96; Nat. Val. Bank v. Hancock, 100 Va. 101.

The record in this case shows evidence amply sufficient to justify all the findings of fact by the court below, and in the conclusions of law drawn therefrom, we find no error.

The assignments are overruled, the decree is affirmed, and this appeal is dismissed at the cost of appellant.