## McGann v. Ruggles-Coles Company.

*Equity—Accounting—Employer and employee—Contract—Competition—Partial account.*

1. The fact that a complainant in a bill for an accounting may be about to become a competitor of the respondent in a business of the same kind as the latter is engaged in does not suspend or defeat any right under the contract or the law which he may have to an inspection of the books of the latter, or to an accounting of the costs of manufacture and the profits of the business.

2. An account prepared by certified public accountants selected by the respondent, and covering only a part of the period during which the complainant alleges the parties did business together, is not such an account stated and accepted as will defeat the complainant's demand for an accounting for the whole period.

3. The same rules of equity apply to a bill of discovery or for an accounting between employer and employee as between partners where the commissions of the employee are to be a certain part of the profits of the employer's business.

4. The right to an accounting is a preliminary question which may be determined on the face of the bill and answer before proceeding to ascertain what amount may be due the plaintiff.

5. Where a *prima facie* right to an accounting exists, the defence that nothing will be due, or that not more than a certain sum will be found to be due the plaintiff, or that from time to time certain settlements of accounts were made between the parties, will not be legally sufficient to prevent an accounting.

Bill for discovery and accounting. C. P. York Co., April T., 1921, No. 3, in Equity.

*Stewart & Gerber* and *George Wharton Pepper*, for plaintiff.

*Niles & Neff*, for defendant.

WANNER, P. J., Dec. 4, 1922.—It is admitted that under the contract of July 12, 1916, set forth in the complainant's bill, Robert G. McGann was the selling agent of the Ruggles-Coles Engineering Company, and had been since Jan. 1, 1898, under similar previous contracts. That contract expired by its own terms on Dec. 31, 1919, but the complainant alleges that it was afterward renewed and its operation extended to Dec. 31, 1920. This is denied by the respondent, who alleges that the payments made by it to McGann in that year were for commissions due him on sales made prior to the termination of the contract of July 12, 1916.

The contract provided that McGann's commission for sales of drying machinery, on which he was entitled to compensation, should be one-half of the net profits realized thereon by the Ruggles-Coles Engineering Company.

It further provided as follows: "Fifteenth. It is understood and agreed that all books of the principal relating in any way to the sale of dryers, or of the cost of manufacture thereof embraced within the terms of this agreement, shall be open to the inspection of the agent at all convenient times, and like-

3 D. & C.

wise that all books, correspondence and records of the agent relating to sales of dryers shall be open to the inspection of the principal or its agents or representatives at all convenient times."

The complainant alleges that he has been denied access to and the privilege of inspecting the books of the Ruggles-Coles Engineering Company, to which he is entitled under the above cited stipulation of the contract between the parties. This is not denied by the respondent, but the latter attempts to justify and excuse it on two grounds, viz.: 1. Because the complainant is about to enter into a competitive business against the respondent company, and seeks to gain information for the benefit of himself in said business, by inspection of respondent's books, to the prejudice of the latter. 2. Because the respondent has already had an audit of its books and accounts from Jan. 31, 1914, to Dec. 31, 1919, made by a duly certified public accountant, showing a balance of $3036.35 due McGann, a copy of which audit was forwarded to complainant's counsel on Jan. 21, 1921, and which sum respondent is now willing to pay complainant in settlement of all their accounts.

The fact that the complainant may be about to become a competitor of the respondent in a business of the same kind as the latter is engaged in does not suspend or defeat any right under the contract or the law which he may have to an inspection of the books of the latter, or to an accounting by it of the costs of manufacture and the profits of the business: Thomas v. Waite, Co., 99 N. Y. Supp. 297.

The account prepared by certain accountants of the respondent's own choosing, and covering only a part of the period during which the plaintiff alleges that the parties did business together, is not such an account stated and accepted as would defeat the complainant's demand for an accounting for the whole of said period. That account, it appears, was sent to complainant's counsel after this contention had begun, but the pleadings disclose no formal acceptance of the same or any facts from which its acceptance could be conclusively presumed: Leinbach v. Wolle, 211 Pa. 629; McGinn v. Benner, 180 Pa. 396.

The same rules of equity apply to a bill of discovery, or for an accounting between an employer and an employee, as between partners, where the commissions of the employee are to be a certain portion of the profits of the employer's business. This is especially so where, as in this case, it is admitted that the employee has been refused the inspection of the books of the employer's business to which he is entitled under the terms of his contract of employment, because he cannot elsewhere ascertain the facts on which his right to recover rests: Veiller v. Oppenheim et al., 26 N. Y. Supp. 1051; Tully v. Felton, 177 Pa. 344-346-347.

The right to an accounting is a preliminary question which may be determined on the face of the bill and answer before proceeding to ascertain what amount may be due the plaintiff. In this case it is admitted that a certain sum is due the plaintiff on the accounts covering only a portion of the period of plaintiff's employment: Collyer v. Collyer, 38 Pa. 257; 1 Cyc., 447; Alpaugh v. Wood, 16 Atl. Repr. 676.

Where a *prima facie* right to an accounting exists, the defence that nothing will be due, or that not more than a certain sum will be found to be due the plaintiff, will not be legally sufficient to prevent an accounting, nor will the fact that from time to time certain settlements of accounts were made between the parties: Bradly v. Jennings, 201 Pa. 473; Murphy v. Murphy, 263 Pa. 196; Tully v. Felton, 177 Pa. 344-346-347; Underdown v. Underdown, 270 Pa. 229-231; McGinn v. Benner, 180 Pa. 396.

McGann v. Ruggles-Coles Company.

It appears from the pleadings that the accounts of the complainant and the Ruggles-Coles Company down to Jan. 31, 1914, were finally adjudicated in the Supreme Court of New York, and that the unsettled portion thereof covers the period from that date to the expiration of the contract of July 12, 1916, viz., to Dec. 31, 1919. Whether or not there was a renewal of the contract from the latter date to Dec. 31, 1920, is a disputed matter, as to which there is no evidence before the court which would justify a decree for an accounting at this time.

Under the law and the undisputed facts disclosed in the pleadings, we are of the opinion that the complainant is entitled to the discovery and to the accounting prayed for in the first and the fourth prayers of the bill, so far as the business of the parties from Jan. 31, 1914, to Dec. 31, 1919, is concerned, and a decree to that effect will be signed by the court on presentation by counsel in conformity with the equity rules.

From Allen C. Wiest, York, Pa.