## Celenza's Estate

*E. Spencer Miller*, for petitioner; *Abraham Friedman*, contra.

STEARNE, J., October 28, 1932.—Decedent's widow, who elected to take against the will, and is entitled to a one-half interest in the entire estate under the Pennsylvania Intestate Act of 1917, has filed a petition praying for a citation against the executrix to show cause why she should not proceed to effect the sale of a designated piece of real estate. An answer has been filed raising questions of law and procedure.

To approach a comprehensive consideration of the averments in the petition and answer and the relief sought, a study of the rather intricate record in this case becomes necessary.

The record discloses that this decedent immigrated from Italy, leaving his wife in that country, where she still resides. Decedent's will practically disin-

herited the widow. He passed the bulk of his estate to the person who is named as his executrix. The widow, by an attorney in fact, elected to take against the will. The status of the widow and the legality of her election was contested in this court [16 D. & C. 473], and the Supreme Court [308 Pa. 186] affirmed the action of the orphans' court in recognizing the status of the petitioner as widow and the legality of her election to take against the will. The case was remitted to the orphans' court, however, for further consideration respecting the character, extent and value of certain merchandise, alleged to have been unaccounted for by the executrix, and concerning which the auditing judge surcharged the executrix in a substantial sum. Proceedings in this inquiry are now being conducted by an auditing judge and are undetermined.

The estate of the decedent consists of real and personal property. The real estate, including No. 5004 Thompson Street (the subject of the present petition), is in process of being partitioned in the court of common pleas, in equity, wherein the widow (the present petitioner) is the petitioner.

On April 24, 1930, the executrix filed an account, pursuant to an order of this court, which in due course came up for audit before an auditing judge. In the account the fiduciary charged herself with the amount of the inventory and appraisement filed on February 6, 1930, which inventoried personal property appraised at $2464.16. The account showed an inventory gain in building and loan shares of $207.70. It also contained the following item: "1930. April 24 'to withdrawal value of 9 shs. of common stock of Equitable Bldg. & Loan Ass'n, not included in the inventory and appraisement $1396.62.' "

The total principal debts therefore were stated to be $4268.48. After taking credit for listed expenditures and adding an income balance of $9.26, the balance for distribution was stated to be $2836.32, composed as therein stated, inter alia, of the above-mentioned nine shares of Equitable Building and Loan Association stock so appraised at $1396.62, specifically stated to be "assigned to said association as collateral security for $1800 mortgage on premises 5004 Thompson Street."

It is thus to be observed that the accountant charged herself with these nine shares of building and loan association stock, valued at $1396.62, which she did not then have, and never had had, in her possession, and which stock, upon the contrary, was shown to be held by and assigned to the building and loan association as collateral security for its mortgage. Apparently this situation, in the heat of the acrimonious litigation before the auditing judge, passed unnoticed. However, the auditing judge, after deciding all litigated questions, awarded the balance to the proper parties in the correct proportions and ordered a schedule of distribution to be filed. Such schedule was thereafter filed, certified to be correct by counsel for the widow and for the accountant, and was approved by the auditing judge.

An examination of the schedule of distribution discloses that there was deducted from the awarded balance the item in question. The language is as follows: "Value of nine shares of common stock of Equitable Building and Loan Association, which said association has applied to payment of mortgage since adjudication, said mortgage having been paid off."

At the present argument it was stated to the court in banc that certain creditors have preserved their liens upon the decedent's real estate by instituting suit and indexing same in the judgment docket, as required by the acts of assembly.

This is substantially the state of the record upon the presentation of the petition before us. Why, in these circumstances, equity and justice should require the relief sought by the widow appears obscure and untenable. By the widow's

election to take against the will she takes an equal part of both real and personal estate. Should the real estate be diminished as she requests, the value of the personal estate will be enhanced by an equivalent amount. It may well be that the widow is desirous of securing an early distribution in cash out of the estate, especially in view of the necessarily expensive and protracted litigation, rather than await the final determination and settlement of the partition proceedings which she herself has instituted. Nevertheless, such a reason would be untenable and without merit.

Had the testator effectually devised the real estate in question, encumbered with a building and loan association mortgage, and with the association stock partially matured, we can readily appreciate that under section eighteen of the Wills Act of 1917 a mooted question might have been raised as to whether the devisee took the real estate subject to the face of the mortgage obligation or only subject to the difference between the mortgage loan and the withdrawal value of the shares as of the date of death. But we are relieved from the determination of this question, as such a situation does not confront us. The petitioner, as widow, takes one-half of both the real and personal estate.

The learned counsel for the petitioner urges that, because the building and loan association applied the matured stock (as it had a legal right to do) in satisfaction of the mortgage, thus enhancing the value of the real estate, upon the doctrine of subrogation, the executrix has the legal right to step into the shoes of the association and to issue a sci. fa. upon the mortgage (even though the same appears satisfied of record), and upon a sale of the real estate to restore to the personal estate the cash value of the matured shares of stock which were applied to the satisfaction of the mortgage. He relies chiefly upon Erie County et al. v. Lamberton et al., 297 Pa. 406, where a court of equity (common pleas) ordered the satisfaction of the mortgage stricken off and the mortgagee was directed to assign the same for the benefit of parties beneficially entitled. It is interesting to note, however, that in the same litigation a decree of the orphans' court, striking off the satisfaction of the same mortgage, was reversed by the Supreme Court (Cutter's Estate, 286 Pa. 505) because the orphans' court was without jurisdiction in the premises.

It seems clear that before the orphans' court could grant the relief sought, the satisfaction of the building and loan association mortgage would have to be expunged from the record and the court of common pleas would be obliged first to decree that the association assign the mortgage to the executrix for the purpose indicated. Clearly, the contention of the petitioner is without merit.

Finally, as the petitioner herself has selected the court of common pleas, in equity, to partition the real estate, and as this equity proceeding is still pending and undetermined, the orphans' court may not act upon any matter which is the subject of that proceeding. In the orphans' court, where a partition fund is properly before the court for distribution, that tribunal has exclusive jurisdiction to decide all questions necessary thereto: Dickinson's Estate, 148 Pa. 142. The court of common pleas, in equity, having assumed jurisdiction in entertaining the partition suit, will dispose of the entire controversy, including the relief now sought by the petitioner: Wally et al. v. Wally et al., 286 Pa. 413; John Curtis & Co. v. Olds, 250 Pa. 320; Hurst v. Brennen (No. 1), 239 Pa. 216; Holden v. Bernstein Mfg. Co., 232 Pa. 366; McGinn v. Benner, 180 Pa. 396; Johnston et al. v. Price et al., 172 Pa. 427; Socher's Appeal, 104 Pa. 609.

For the reasons above stated, the prayer of the petition is refused and the petition is dismissed.