# K. K. Johnston and J. N. Johnston, Appellants, *v.* E. E. Price, A. C. Price, B. D. Tillinghast, D. Stewart and C. J. Watt.

[Marked to be reported.]

*Equity—Jurisdiction—Remedy at law.*

In order to oust the jurisdiction of a court of equity the remedy or supposed remedy at law, must be full, adequate and complete.

Equitable jurisdiction does not depend on the want of a common law remedy, but may be sustained on the ground that it is the most convenient remedy.

The extension of the remedy at law to cases originally within the jurisdiction of a court of equity is no bar to a chancery proceeding for the same cause.

Equity seeks to prevent unnecessary litigation by disposing in any one proceeding of all the questions which arise affecting many persons.

*Equity—Partnership—Discovery—Accounts—Oil Lease.*

Where plaintiffs and defendants are the owners as tenants in common of an oil lease, and are also partners in the machinery and appliances for developing the oil, and in the business of mining and selling the oil produced from the well, and both parties have expended money upon the enterprise, but defendants refuse to furnish to plaintiffs any statement of their expenditures, plaintiffs have a standing in equity for discovery, and for a settlement of accounts.

*Equity—Lease—Oil and gas lease—Partnership—Act of May* 6, 1891, *P. L.* 41.

The act of May 6, 1891, P. L. 41, entitled " An act authorizing actions in assumpsit by and against joint owners, joint tenants and tenants in common, holding an interest in and operating any drilling, pumping or producing oil or gas well," does not apply to a case involving the settlement of accounts between the tenants in common of an oil lease, who are also partners in the business of mining and selling the oil produced from the leasehold estate.

The act of 1891 is limited (1) to claims by strangers to the enterprise, who furnish labor or materials to several parties jointly interested, and (2) to a claim by one of several joint owners against another joint owner whose share he has paid.

Argued Oct. 22, 1895.    Appeal, No. 217, Oct. T., 1895, by plaintiffs, from judgment of C. P. Butler County, September Term, 1894, No. 1, on demurrer for defendants.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Bill in equity for discovery and an account.

The bill averred that plaintiffs and defendants were tenants in common of a lease for oil and gas purposes of six acres of land in Adams township.    The bill further averred:

That after the execution and delivery of said lease it was agreed by the plaintiffs and defendants that the same should be tested and developed, and plaintiffs were employed and engaged to drill two wells on said lease for the purpose of testing and developing the same at the rate of $1.00 per foot for the first well and $.90 for the second, the cost of which drilling was to be charged to, borne and paid by all the owners of said lease in proportion to their respective interests.

In furtherance of the said purpose of testing and developing said lease it was agreed by the plaintiffs and defendants that the plaintiffs should furnish the wood rigs, casing, boilers, engines, connections, fittings and tools required for and to be used in the drilling of said wells, the cost of which was to be charged to, borne and paid by all the owners of said lease in proportion to their respective interests.

In compliance with the agreements entered into between plaintiffs and defendants as set out in the two preceding paragraphs, plaintiffs proceeded to drill two oil wells and two water

wells on said lease and completed the same at a cost of $3,500, and also furnished two wood rigs, about four thousand six hundred feet of casing, two boilers and two engines, connections, fittings and tools for and in said wells, the cost of which amounted to $2,000 more, which was paid for by plaintiffs.

Said wells when completed began to produce oil in paying quantities, whereupon it was decided by plaintiffs and defendants to equip them for pumping and operate them as pumping wells, which having been done in the month of March or April, 1891, said wells have been pumped by the owners of said lease continuously to this date, in which time plaintiffs have laid out and expended for labor and expenses upon and about said lease and wells and for supplies and materials furnished to and for said wells, the sum of $7,900.

That plaintiffs having laid out and expended the sum of about $14,000 for and about the development and operation of the property held by them in common with the defendants, five twelfths of which only is properly chargeable to and payable by them, the plaintiffs; there is and remains large sums of money due and owing on this account from them, the defendants, to plaintiffs, the amount of which the latter cannot now state with exactness.

That since the months of March, April and September, 1891, when the work of pumping and operating said wells was commenced, defendants have laid out and expended various sums of money in paying for labor and expenses upon and about the same and for supplies and materials furnished to and for said wells, but how much money was thus expended and in what proportions by each of said defendants, plaintiffs are ignorant and cannot state for want of knowledge, except that it would be much less than the sums laid out and expended upon the joint account by plaintiffs, as described above.

That upon an account taken of the expenditures and outlay by both plaintiffs and defendants upon the common property, the lease and wells aforesaid, defendants would be entitled to a credit for all legitimate and proper expenditures and outlay upon and about the common property; nevertheless plaintiffs aver and allege that after deducting all possible proper credits, there would remain a large balance or sum of money due from defendants to plaintiffs.

That it is necessary that an account be taken between plaintiffs and defendants to show the true state of the accounts between them in respect to the common property aforesaid; that the plaintiffs have no knowledge or information as to the amount of the legitimate and proper expenditures and outlay made or expended by defendants upon and for the common property, and therefore they cannot give credit to defendants for the amount of said expenditures and outlay for want of such knowledge and information, and it is necessary that plaintiffs have discovery of the amount of money legitimately and properly laid out and expended by defendants for and about the common property aforesaid, in order that plaintiffs may ascertain the balance or sum of money due to them from defendants upon the joint account.

That the defendants while not denying that there is a large sum of money due from them to plaintiffs upon the joint account in regard to the common property will not agree upon the amount thus due to plaintiffs or admit the same, and have failed and refused or neglected to pay said balance or sum of money or any part thereof to plaintiffs.

That plaintiffs have made repeated efforts to have a settlement and adjustment of their joint accounts in regard to the common property with defendants, but all such efforts have failed through the neglect and refusal of some of the defendants to enter into any settlement with plaintiffs, and through the inability and failure of others of the defendants to agree with plaintiffs upon any settlement of the joint accounts between them from which the amount due from them to plaintiffs might be ascertained.

Wherefore, the plaintiffs averring that they are without adequate remedy at law and that they are in need of equitable relief, pray your honorable court to order and decree,

1. That each of the defendants be decreed to answer this bill and all matters therein contained.

2. That an account be taken and ascertained under the direction of this court of all moneys due from defendants to plaintiffs upon the contract for the drilling of the two wells upon said lease and for all moneys laid out and expended by plaintiffs for the wood rigs, casing, boilers and engines, connections, fittings and tools furnished by them for and used in the

drilling of said well, as well as the sums laid out and expended by them for labor and expenses upon said wells and lease, and for supplies and materials furnished to and for the same.

3. That under the same direction an account be taken and ascertained of moneys laid out and expended by the defendants for labor and expenses upon said lease and wells, including all supplies and materials furnished to and for the same by them.

4. That upon the taking and ascertainment of said accounts the defendants be decreed to pay to the plaintiffs the sum or balance found to be due from them to plaintiffs thereon with interest.

5. That the plaintiffs may have such other or further relief in the premises as the nature of the case and the circumstances of the same may require, and to this honorable court may seem meet, just and equitable.

6. That the defendants be decreed to pay the costs of this proceeding.

The defendants demurred to the bill on the ground that plaintiffs had a complete, full, adequate and convenient remedy at law under the act of May 6, 1891, P. L. 41.

The court in an opinion by GREER, P. J., sustained the demurrer and dismissed the bill.

*Error assigned* was above decree.

*W. H. Lusk,* for appellants.—Where a bill is demurred to, it is unnecessary that the rights set up therein should first be established at law; the demurrer admits the rights: Bitting's App., 105 Pa. 517.

To oust the jurisdiction of equity the plaintiff's remedy at law must be full, adequate and complete: Kirkpatrick v. McDonald, 11 Pa. 387; Bank v. Biddle, 2 Parsons, 31; Weir v. Mundell, 3 Brewster, 594; Bank of Kentucky v. Schuylkill Bank, 1 Parsons, 180.

The extension of the remedy at law to cases originally within the jurisdiction of a court of equity is no bar to a chancery proceeding for the same cause: Wesley Church v. Moore, 10 Pa. 273; Painter v. Harding, 3 Phila. 59.

Where a court of equity has jurisdiction for discovery, and the discovery is effectual, it may proceed to grant full relief:

Bank v. Biddle, 2 Parsons, 31; Philadelphia v. Keyser, 30 Leg. Int. 168; Bierbower's App., 107 Pa. 14; Harper's App., 109 Pa. 9.

Equitable jurisdiction does not depend on the want of a common law remedy. A bill may be sustained solely on the ground that it is the most convenient remedy : Electric Co.'s App., 114 Pa. 574; Warner v. McMullin, 131 Pa. 370; Drake v. Lacoe, 157 Pa. 17; Adams' Eq., 7th Am. ed. 221.

When once a court of equity has obtained jurisdiction of a cause of action for one purpose, it may retain it for purposes of equitable relief, not specifically prayed for in the bill, but disclosed by the evidence : Ahl's App., 129 Pa. 49; McGowin v. Remington, 12 Pa. 56; Allison's App., 77 Pa. 221; Adams's App., 113 Pa. 449; Pomeroy's Equity Jurisprudence, sec. 227.

Courts of equity have jurisdiction in cases of complicated accounts concurrently with courts of law, and especially where a discovery is needed : Bank v. Biddle, 2 Parsons, 31; Shriver v. Nimick, 41 Pa. 80; Persch v. Quiggle, 57 Pa. 247; Coleman's App., 62 Pa. 252; Adams's App., 113 Pa. 449; Endsor v. Simpson, 5 W. N. C. 232; Alden's App., 93 Pa. 182; Stoughton's App., 88 Pa. 198; act of October 13, 1840, P. L. 7; Griffith v. Willing, 3 Binney, 317; Irvine v. Hanlin, 10 S. & R. 219; Oil Well Supply Co.'s App., 159 Pa. 10; Shillito v. Shillito, 160 Pa. 167; Mortland v. Mortland, 151 Pa. 593; Kirkpatrick v. McDonald, 11 Pa. 387.

*J. D. Marshall, Levi M. Wise* with him, for appellees.—According to our view of the law it makes no difference whether the act of 1891 applies or not. If this cause of action is not one of mutual and complicated accounts or a case in which discovery is "material to the relief," then the only question remaining is, can one tenant in common sue his cotenant at law? We believe it could not be done at common law except in account render; but it has been well established in Pennsylvania that one tenant in common may maintain ejectment and assumpsit against his cotenant: Gillis v. McKinney, 6 W. & S. 78; Borrell v. Borrell, 33 Pa. 492; Gloninger v. Hazard, 42 Pa. 389.

This case is not of "mutual and complicated accounts."

Equity is not the remedy to determine one's interest in land : Norris's App., 64 Pa. 275.

The plaintiffs having a full, adequate and convenient remedy at law the court committed no error in dismissing this bill for want of jurisdiction.

OPINION BY MR. JUSTICE GREEN, January 6, 1896 :

Upon the facts set out in the bill in equity in this case it would be difficult to conceive of a more appropriate case for equitable cognizance than this.    The plaintiffs and defendants were the owners as tenants in common of an oil lease, and they were partners in the machinery and appliances for developing the oil, and in the business of mining and selling the oil produced from the well.    Their respective individual interests both in the lease and in the machinery and business, are fully and precisely set out in the bill.    The necessary machinery and appliances were bought and paid for by the plaintiffs, the well was drilled by the plaintiffs, oil was obtained in paying quantities and the work of production was carried on by them for several years.    The title to the lease was held by one of the defendants in trust for himself and all the other parties plaintiffs and defendants.    In the boring of the well and in producing the oil the plaintiffs had expended for the benefit of all the sum of $14,000.    The defendants also had expended moneys in the joint business to which they would be entitled to credit upon a settlement of the accounts of the business.    But the plaintiffs after repeated efforts to obtain a settlement of accounts failed to do so because of the refusal of the defendants to furnish any statement of their expenditures, and the plaintiffs were therefore ignorant of the same and needed discovery in order to ascertain the same.    No determination of the rights of the parties as between themselves could be had without a settlement of all the accounts of the business and for that purpose the present bill was filed.

It is beyond all question that a bill in equity was not only the proper, but the exclusive, remedy for the plaintiffs upon these admitted facts, unless that remedy was taken away by the act of May 6, 1891, P. L. 41.    The defendants demurred to the bill on that one specified ground and thereby admitted all the material facts set forth in the bill.    The court below sustained the demurrer and dismissed the bill and in so doing committed very serious error.

A most cursory examination of the act of 1891 shows that it never was intended to meet a case of this character, that it gave no new or additional remedy to plaintiffs circumstanced as these plaintiffs are, and that it made no change whatever in the law as it stood in reference to the settlement of partnership accounts.

The first section of the act simply gives a remedy in assumpsit to any one performing acts of labor, or furnishing material for the production of oil or gas, against any one joint owner, joint tenant or tenant in common, and authorizes a recovery in such action of the pro rata share due and owing by such joint owner, joint tenant or tenant in common. The second section provides that if any one of such joint owners or tenants in common pays the pro rata share due by another of them he may recover the amount so paid, in the same manner as is provided in the first section in the case of the persons furnishing labor or materials.

It will be seen at once that no change is made in the law as to the remedies between partners, that the remedy in the first section is limited entirely to claims by strangers to the enterprise, who furnish labor or materials to several parties jointly interested, and that the remedy in the second section is given to one of several joint owners who may pay the share of another. The present case has nothing to do with any of these contingencies. It is not the claim of a stranger but of parties who are themselves jointly interested with the defendants in a common enterprise belonging to the whole of them. It is not a case of a payment by the plaintiffs of the amount due by any one of their cotenants and an effort to recover the amount so paid. But it is a case of parties whose real relations to each other are those of partners in a joint business to which all are bound to contribute in the several proportions of their respective interests.

That there are mutual accounts between the plaintiffs and defendants growing out of their joint relationship is set forth in the bill and admitted by the demurrer, and that upon an adjustment of all the accounts there is a large balance due from the defendants to the plaintiffs is asserted in the bill and admitted by the demurrer.

It is almost a work of supererogation to cite the perfectly

familiar authorities that in order to oust the equitable juris-diction, the remedy, or supposed remedy, at law must be full, adequate and complete, Kirkpatrick v. McDonald, 11 Pa. 387; or that equitable jurisdiction does not depend on the want of a common law remedy but may be sustained on the ground that it is the most convenient remedy, Electric Co.'s Appeal, 114 Pa. 574; or that the extension of the remedy at law to cases originally within the jurisdiction of a court of equity is no bar to a chancery proceeding for the same cause, Wesley Church v. Moore, 10 Pa. 273; or that equity seeks to prevent unnecessary litigation by disposing in any one proceeding of all the questions which arise affecting many persons, Bier-bower's Appeal, 107 Pa. 14; Harper's Appeal, 109 Pa. 9; or that there must not only be a remedy at law but it must be adequate and reasonably convenient, Warner v. McMullin, 131 Pa. 370. See also Drake v. Lacoe, 157 Pa. 17. There are plenty of other reasons why this bill should be sustained, and none why it should be dismissed.

The decree of the court below is reversed, the plaintiffs' bill reinstated and the defendants are directed to answer over to the bill, and the record is remitted to the court below at the cost of the appellees.