Mower, Appellant, *v.* Mower.

Argued April 11, 1951. Before Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*Elgin E. Weest,* with him *G. Edgar Bowersox,* for appellant.

*Paul C. Van Dyke,* with him *James A. Cochrane,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 21, 1951:

Johanna Martin Mower, plaintiff-wife, filed this bill in equity to compel the Chester-Cambridge Bank and Trust Company to record a deed by which certain land was conveyed to plaintiff and Thomas F. Mower, her husband, as tenants by the entireties, which deed was left with the bank for recording, and to restrain the husband from selling or encumbering the premises in question. The court below dismissed the bill upon the grounds that plaintiff had not the legal capacity to maintain the bill because she was not suing to recover her *separate* property. Plaintiff appealed.

Defendant-husband, prior to his marriage to plaintiff, was the owner of 509 Hinkson Boulevard, Ridley Park, Pennsylvania. After their marriage in 1947, husband and wife caused a deed to be prepared by which title was conveyed to them as tenants by the entireties. On March 10, 1948, husband and wife appeared at defendant bank and the husband and wife executed and acknowledged the deed. The conveyancing charges including the cost of recording were paid by the husband to the bank and the deed was delivered by husband and wife to the bank *with instructions to the bank to record the deed.* The next day, after a quarrel, the wife left the common domicile and did not return. On the same day the husband instructed the bank not to record the deed which had been left with it by the par-

ties for that purpose. The bank complied with his request. By subsequent stipulation the deed was delivered by the bank to the prothonotary in escrow to await disposition by the court of this litigation.

The present bill was filed to compel the *recording* of the deed and to restrain defendant-husband from selling or encumbering the premises. As the bill was not filed by a wife against her husband to *recover* property *owned by husband and wife* as tenants by the entireties, the Act of June 8, 1893, P. L. 344 sec. 3, as amended, (48 PS 111), (which provides that a wife may sue her husband *only* to recover her separate property) has no application.

The husband and wife executed and acknowledged the deed and the *husband and wife* as tenants by the entireties left the deed with the bank for recording. At that moment title to the property was vested in plaintiff and her husband as tenants by the entireties. Delivery of the deed was complete. The grantors parted with all control over the deed when it was so left with the bank for recording. In *Chambley et al. v. Rumbaugh et al.*, 333 Pa. 319, 5 A. 2d 171, this Court stated: "Whether there was a delivery in fact in any given case depends upon the intention of the grantor as shown by his words and actions and by the circumstances surrounding the transaction. . . ." See *Cray Estate*, 353 Pa. 25, 44 A. 2d 286. No other inference can be reached from the facts and circumstances in this case than that delivery was made. Whether there was delivery ". . . constitutes a question to be determined from all the evidence . . . by the chancellor": *Chambley et al., v. Rumbaugh et al.*, supra. The court below states: "In the case at bar, no reasonable conclusion can be reached, from the testimony, except that the deed was delivered when left by the parties with the Bank for recording." The fact that the deed was not recorded does not prevent title to the property from

passing from the grantors to the grantees. In *Cray Estate,* supra, this Court stated: "The recording of a deed is not essential to its validity or the transition of title as between the parties signatory thereto."

As title to the premises is now vested in plaintiff and her husband as tenants by the entireties, defendant-husband cannot, *by his acts alone,* prevent the recording of the deed. It was the *joint* act of the parties to leave the deed with the bank for recording. Even the recording charges were paid to the bank for that purpose. The effect of the husband's action is to render a valid title unmarketable. This he is not permitted to do. Cf. *Berhalter v. Berhalter et al.,* 315 Pa. 225, 173 A. 172; *Madden et al. v. Gosztonyi Savings and Trust Company,* 331 Pa. 476, 200 A. 624; *Gallagher Estate,* 352 Pa. 476, 43 A. 2d 132; *Williams et ux. v. Barbaretta et ux.,* 359 Pa. 488, 59 A. 2d 161; *Schweitzer v. Evans,* 360 Pa. 552, 63 A. 2d 39.

It is argued that the wife cannot maintain this bill in equity because she has an adequate remedy at law, i. e., an action to quiet title. Rule 1061 of the Pennsylvania Rules of Civil Procedure provides that an action to quiet title may be brought ". . . (3) to compel an adverse party to . . . record . . . any document, obligation or deed affecting any right, lien, title or interest in land. . . ." It is true that an action to quiet title would afford plaintiff relief against the bank and compel it to record the deed. But plaintiff also seeks relief against her husband to prevent him from selling or encumbering the property. A court of chancery, having jurisdiction for one purpose, will retain it for all purposes and do complete justice as between the parties even though it adjudicates questions which in the first instance would not have warranted the court in assuming jurisdiction: *Johnston et al. v. Price et al.,* 172 Pa. 427, 33 A. 688; *Bowman v. Gum, Inc., et al.,* 327 Pa. 403, 193 A. 271.

The husband alleges that his wife, through fraud, secured the transfer to the parties as tenants by the entireties. Cf. *Pregrad v. Pregrad,* 367 Pa. 177, 80 A. 2d 58. But the litigation, in fact, revolved about the question of delivery of the deed. At the oral argument it was stated by counsel that the 15th finding of fact by the court below that the "execution, acknowledgment and delivery" of the deed was not procured fraudulently, has relation to the physical execution and delivery of the deed and did not purport to be a final decree and determination on the merits of the alleged fraud.

Decree reversed without prejudice to the rights, if any, of the husband to seek a rescission and cancellation of the deed because of fraud on the part of the wife. Costs of recording the deed to be paid by the bank defendant; the prothonotary is directed to forthwith deliver the deed to the recorder of deeds of Delaware County for recording.