## Brubaker v. Bradley et ux.

*Arnold, Bricker & Beyer*, for plaintiff.

*Menno B. Rohrer*, for defendants.

SCHAEFFER, P. J., October 23, 1953.—This is a proceeding in equity for specific performance of an alleged agreement for the sale of real estate.

### Pleadings and Issues

The pleadings consist of a complaint, an amended complaint and separate answers thereto by both defendants. The issues raised by the pleadings are: (1) Whether Elsie W. Bradley, codefendant, is bound to join in a deed with her husband, Walter Z. Bradley, the other defendant, for the conveyance of certain real estate where she failed or refused to enter into or sign a written agreement of sale, and (2) whether

she is estopped from asserting her rights and interest in the realty as a tenant by the entireties.

## Findings of Fact

1. Defendants, Walter Z. Bradley and Elsie W. Bradley, his wife, are the owners by entireties of a certain lot of ground situated in Elizabeth Township, Lancaster County, Pa., fronting 100 feet on the public road leading from Speedwell to Zartman's Mill and extending in depth of that width southwestwardly 200 feet.

2. On August 24, 1949, Walter Z. Bradley, one of the defendants, agreed to sell to plaintiff, Laura W. Brubaker, the above lot of ground for the sum of $200.

3. A memorandum of this transaction was made in writing on that date by defendant, Walter Z. Bradley, as follows:

"Modern Sporting Equipment
W. Z. Bradley
Lititz, Pa. (R2), Aug. 24, 1949

Laura W. Brubaker,
321 Church St.
Lanc.

Lot of ground south of
Charles Wolf—100 ft. front.
—200 ft. deep ...................$200.00
By cash ...................... 100.00

Bal. ........................$100.00"

4. Subsequently, in September, 1949, a written agreement of sale was prepared at the instance of Walter Z. Bradley between Walter Z. Bradley and Elsie W. Bradley, his wife, and Paul H. Brubaker and Mary B. Brubaker, his wife, for said lot of ground, acknowledging the receipt of $100 on account of the purchase price of $200, the balance of $100 to be paid on or before July 16, 1950. This written agreement is

signed by Walter Z. Bradley alone and not by his wife, Elsie W. Bradley. It is not signed by the purchasers named in the agreement who are the son and daughter-in-law of plaintiff.

5. On August 24, 1949, in the Bradley Sporting Goods Store, where the oral contract for the sale of the real estate was entered into, Elsie W. Bradley, wife of Walter Z. Bradley, was present, but it is not established by competent proof that she heard or was then cognizant of the transaction between her husband and Laura W. Brubaker, plaintiff, who was accompanied by her son, Paul H. Brubaker.

6. Final settlement was to be made within one year after August 24, 1949. Plaintiff, within that period, tendered the balance due and was willing to consummate the sale, but it was refused by Walter Z. Bradley.

7. Shortly after August 24, 1949, Laura W. Brubaker began to clear the land and erected a house thereon. According to the evidence plaintiff expended approximately $770, as follows: $300 for a Sears Roebuck & Company prefabricated house; $7 for hauling; $24 for cement block; $40 for flooring; $12 for roofing; $32 for nails and sheathing; $55 for electric wiring and $301 for digging a well. Many of these items do not include labor, as the work was performed by Paul H. Brubaker, son of plaintiff, who is employed by D. S. Warfel, a building contractor. The amount or value of such labor was not proven. Other improvements remain unliquidated.

8. Both defendants had knowledge of these improvements but did not object thereto until May 19, 1950.

9. Elsie W. Bradley was willing to sign a written agreement of sale and complete the transaction provided the purchaser, Laura W. Brubaker, would sign the written agreement of sale, but later changed her

mind and refused to sign any agreement of sale or deed for the conveyance of the premises.

## Discussion

In Peterson et ux. v. Chandler et ux., 362 Pa. 102, it was decided that where a husband and wife hold title to land as tenants by the entireties and the husband alone enters into an agreement to sell it and his wife refuses to join in the conveyance, specific performance of the agreement will not be decreed. There is no general agency arising from the marital relationship nor any presumption flowing therefrom that either spouse has authority to convey real estate held by the entireties without the other's joinder. A wife cannot convey her interest in land otherwise than by the exercise of her own free and untrammeled will. A theory of estoppel may not be set up to divest the wife's interest as a tenant by the entireties. In Gasner v. Pierce et al., 286 Pa. 529, it was decided that neither husband nor wife as tenants by the entireties can sell their individual rights therein without the joinder of the other, or dispose even of the expectancy of survivorship. In Gallagher Estate, 352 Pa. 476, it is said:

" 'The authorities . . . would seem to show that either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inures to the benefit of both and the estate is not terminated'."

The question of ratification or estoppel has been raised by plaintiff as to Elsie W. Bradley, codefendant. In Rinios v. Tritsch et al., 363 Pa. 127, it was decided that where vendor's mother, without disclosing her interest in realty or possession of judgment note given by daughter in connection with transfer of realty from mother to daughter to hold for mother's use, actively participated in negotiations for sale of the realty by

daughter, mother was equitably estopped from assert-
ing any interest in realty as against purchaser and was
properly required to release realty from lien of judg-
ment entered on judgment note after daughter had
executed contract of sale. This case on its facts is dis-
tinguishable from the instant case.

The court concludes that Elsie W. Bradley, codefend-
ant, is not bound by the transaction of her husband and
that specific performance as to her will not be decreed.

In Massachusetts Bonding & Insurance Company v.
Johnston & Harder, Inc., et al., 330 Pa. 336, it was de-
cided that equity having assumed jurisdiction over a
cause of action will retain it for the purpose of effect-
ing complete justice between the parties, even though
there is included in such determination the settlement
of unliquidated claims for damages. Accord: Kiley v.
Baker et al., 150 Pa. Superior Ct. 248. A court of
equity having jurisdiction for one purpose will retain
it for all purposes and do complete justice as between
the parties: Mower v. Mower, 367 Pa. 325.

In the instant case plaintiff has expended, according
to the evidence, approximately $770 in improvements
made on the premises by plaintiff as set forth in detail
in the seventh finding of fact. Many of these items do
not include the amount or value of labor in connection
therewith. Other improvements remain unliquidated.
In Laureldale Cemetery Association v. County Com-
missioners of Berks County, 37 Berks L. J. 57, it was
held that in the exercise of the sound discretion of the
court, a cause in equity may be reopened, after hearing,
if some additional fact or inquiry is indispensable to
enable the court to make a satisfactory decree.

The statute of frauds was not pleaded in this case.
In Suchan et ux. v. Swope et al., 357 Pa. 16, it was de-
cided that the statute of frauds may not be invoked
as a defense in an action in which it was not pleaded.
However, where the titleholder admits the contract

as claimed by the purchaser, the protective purpose of the statute of frauds is served and the agreement will be enforced by the court.

The memorandum in writing, set forth in the third finding of fact, is not signed by Walter Z. Bradley. However, the written agreement of sale, set forth in the fourth finding of fact, is signed by Walter Z. Bradley. The signature alone of the one sought to be bound by an agreement is sufficient. The written memorandum is in the handwriting of Walter Z. Bradley. It describes the premises sufficiently and it sets forth the consideration and the amount paid on account thereof. It contains all the other essentials of a binding agreement.

The court concludes that Walter Z. Bradley, one of the defendants, is legally bound to convey his interest in the real estate in controversy if his wife, Elsie W. Bradley, joins in the deed.

### Conclusion of Law

Elsie W. Bradley, codefendant, is not bound by the real estate transaction of her husband and there can be no specific performance as to her to compel her to join in a deed with her husband for the conveyance of the premises in controversy.

### Decree Nisi

And now, October 23, 1953, it is ordered, adjudged and decreed by the court en banc as follows:

1. Elsie W. Bradley, one of the defendants, is not required to join in a deed of conveyance for the lot of ground situated in Elizabeth Township, Lancaster County, Pa., fronting 100 feet on the public road leading from Speedwell to Zartman's Mill and extending in depth of that width southwestwardly 200 feet.

2. In the event that Elsie W. Bradley, one of the defendants, shall not voluntarily join in a deed of conveyance with her husband, Walter Z. Bradley, for

said lot of ground, then Laura W. Brubaker, plaintiff, may ask the court to open this case for further hearing to determine the amount of damages, if any, to which she may be entitled for the valuable improvements made by her on the real estate in question while she was in open and exclusive possession thereof with the knowledge of defendants, or to enter a decree to do justice under the unusual facts and circumstances of this case.

3. The costs of this proceeding shall be paid by Walter Z. Bradley, one of the defendants.