## Victor J. Koser & Co. v. Hockenberry

*Brown & Zimmerman*, for plaintiff.

*Alfred C. Alspach*, for defendant.

JOHNSTONE, J., August 10, 1962.—No complaint has been made to the findings of fact by the court nor to its determination as a matter of law that an implied or resulting trust did not attach to the new automobile purchased by defendant. An entirely new concept of plaintiff's right to recover has been presented, based on the equitable principle of unjust enrichment. Upon further consideration of this case, we are convinced that the circumstances are such that the application of this principle is appropriate and demanded. ▪

Defendant acquired title to an automobile owned by plaintiff and used the car formerly owned by plaintiff as a down payment on a new car which defendant had titled in his own name. This was done with the knowledge and consent of plaintiff, but with the understanding that the new car would be used by defendant in the

furtherance of his employment by plaintiff. Approximately three months after the automobile transaction, defendant left plaintiff's employ and individually engaged in the same business as that of plaintiff. No agreement was made concerning the length of time defendant would continue working for plaintiff nor was the subject ever discussed.

At the time plaintiff transferred title to its 1957 Chevrolet to defendant, the automobile had a fair market value of $1,040. Thus, defendant acquired a valuable automobile on the agreement or understanding that he would continue to act as the manager of plaintiff's business in and around Lancaster County. Should defendant now be permitted to keep the fruits of the transaction when he voluntarily, but without any fraud or deception, left plaintiff's employ approximately three months after acquiring title to the Chevrolet?

It was stated in Kinter v. Commonwealth Trust Co., 274 Pa. 436: "Nothing can call a court of equity into activity, but conscience, good faith and reasonable diligence." Can we in good conscience permit the defendant to retain the benefit of the automobile which the plaintiff transferred to him without performing his part of the bargain for a period of no longer than three months? If the defendant had continued to work for the plaintiff for a year or more, certainly our conscience would not be bothered, for the plaintiff by his own actions made possible such a happening. It is true that the plaintiff exposed itself to the hazard of what actually happened in this case by not making some specific agreement or attaching specific conditions to the transfer of the automobile to the defendant, but it does not seem right and just to us that the defendant should benefit to such a marked extent merely because the plaintiff did not have the foresight to anticipate what might and did happen.

"A person who has been unjustly enriched at the expense of another is required to make restitution to the other": Restatement, Restitution, §1, quoted with approval in General Casmir Pulaski Building and Loan Association v. Provident Trust Company of Philadelphia, 338 Pa. 198, 202.

In Home Owner's Loan Corporation v. Murdock, 150 Pa. Superior Ct. 284, the court stated at page 288:

"While the principle is established that a person who has been unjustly enriched at the expense of another is required to make restitution to the other, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it."

In the present case, defendant was a trusted employe but there was no indication that plaintiff intended to make him a gift or that plaintiff did not expect something in return for the transfer of the title; to wit, that defendant would continue in plaintiff's employ and would use the new car when necessary in plaintiff's business.

We cannot escape the conclusion that defendant got something of considerable value for nothing and that, as between the parties, it would be unjust to allow defendant to retain the whole of his enrichment. At the time of the transfer, neither party contemplated that defendant would continue working for plaintiff for only three months; neither party contemplated that a gift was involved in the transaction; and both parties considered that the transfer was for their mutual benefit. There is no good reason why defendant should benefit so disproportionately from the transaction and we cannot in good conscience permit him to do so.

Any restitution by defendant must, of necessity, be determined on an arbitrary basis. We have said that if the relationship of employer and employe had continued for a year or more, our conscience would not be

bothered by any benefit obtained by defendant. Since defendant only worked one-fourth of a year, in our studied opinion it would be eminently fair if he were permitted to retain one-fourth of the benefit he received and return the other three-fourths to plaintiff.

The exceptions filed by plaintiff to the conclusions of law and the decree nisi entered by this court are sustained and the court makes the following

### Conclusions of Law

1. Equity has jurisdiction of the subject of this action and of the parties hereto.

2. Defendant was unjustly enriched when plaintiff transferred the 1957 Chevrolet automobile to him, and defendant continued working for plaintiff thereafter for a period of approximately three months.

3. Plaintiff is entitled to be reimbursed by defendant for that portion of defendant's enrichment which is unjust.

4. Plaintiff is entitled to have a judgment entered in its favor and against defendant for three-fourths of the fair market value of the 1957 Chevrolet at the time of the transfer, to wit, $780.

5. Defendant should pay the cost of this proceeding.

### Decree Nisi

And now, August 10, 1962, it is ordered and decreed:

1. Judgment is hereby entered in favor of Victor J. Koser & Company, Inc., plaintiff, and against Gerald M. Hockenberry, defendant, in the sum of $780, together with interest thereon from this date.

2. The costs of this proceeding shall be paid by defendant.

3. Notice of this decree nisi shall be given by the prothonotary to all parties in interest, and unless exceptions are filed within 20 days, this decree nisi shall be entered as of course by the prothonotary as a final decree.

*Opinion sur Exceptions*

JOHNSTONE, J., February 1, 1963.—. . . The basis for defendant's exceptions is that the court adopted the theory of unjust enrichment when the pleadings, the testimony and the exceptions to the original decree nisi made no mention of such a theory. Defendant contends that this court was in error in granting relief on a new and different theory than the one first proposed by plaintiff. After mature consideration we are satisfied that plaintiff is entitled to equitable relief and that defendant's exceptions should be dismissed.

Equity operates to administer complete relief and to do entire justice: Nedwidek v. Nedwidek, 371 Pa. 621, 625; Mower v. Mower, 367 Pa. 325, 328; Barth v. Gorson, 383 Pa. 611, 616. If, under the pleadings and the facts proven at the trial, plaintiff is entitled to equitable relief, plaintiff should not be denied relief merely because an improper or inapplicable theory of the case is proposed. The powers of a chancellor in equity are very broad and it is his duty to grant such relief as the circumstances warrant. In the present case, while plaintiff is clearly not entitled to relief by reason of an implied or resulting trust, we have determined that on the same pleadings and under the same state of facts plaintiff is entitled to relief to prevent defendant from being unjustly enriched.

In order to render complete justice, we deem it to be well within our power to grant such relief as the circumstances warrant, regardless of the theory of the case first proposed by plaintiff. A different result would be reached if the doctrine of unjust enrichment was not applicable to the pleadings and the evidence in this case. But where, as here, plaintiff presents a case which warrants the granting of equitable relief, the conscience of the chancellor is controlling and not the theory proposed by plaintiff.

Initially, plaintiff's complaint was reluctantly dismissed without having given any consideration to the doctrine of unjust enrichment. We are happy to correct the oversight on our part and also on the part of plaintiff who somewhat beclouded the situation by proposing an inapplicable theory for relief.

And now, February 1, 1963, the exceptions filed by defendant to the decree nisi entered on August 10, 1962, are dismissed and the decree nisi is entered as a final decree.