**Roisman v. Roisman**

*Raymond Pearlstine*, for plaintiff.

*Sidney DeAngelis*, for defendant.

TREDINNICK, J., July 26, 1973.—The parties are separated husband and wife. Plaintiff husband has instituted this action in equity seeking a mandatory injunction restraining defendant from interfering with plaintiff's use, enjoyment and occupancy of the property they own by the entireties.

Defendant has counterclaimed for a preliminary injunction restraining plaintiff from concealing his assets and from leaving this Commonwealth to reside in the State of Florida, or any other State.

From the pleadings and proof, the court makes the following

## FINDINGS OF FACT

1. Plaintiff and defendant are husband and wife having been lawfully married on September 12, 1948.

2. The parties own, as tenants by entireties, 320 Fawn Hill Lane, Penn Valley, this county. It constituted the marital domicile until May 18, 1968, when plaintiff left. Defendant still resides in said premises. Plaintiff lives at Cedarbrook Hill Apartments, Wyncote, Pa.

3. After leaving defendant, plaintiff voluntarily supported defendant and his children at the rate of $1,300 per month. When plaintiff reduced the amount of support to $833 per month, defendant, in May 1971, initiated a support proceeding.

4. On April 5, 1972, this court entered an order directing plaintiff to pay $425 per week for the support of defendant and one child. This amount has now been reduced to $375, by virtue of the emancipation of the child.

5. In early May 1972, plaintiff attempted to enter the Fawn Hill Lane dwelling, but was denied access thereto by defendant who had changed the locks.

6. Shortly thereafter, counsel, on plaintiff's behalf, demanded plaintiff be accorded access to the property. This complaint followed, having been filed June 29, 1972.

7. Plaintiff's financial position has deteriorated over the past several years in that two corporations in which plaintiff has a major interest have suffered severe business reversals.

8. At all times since plaintiff and defendant acquired title to 320 Fawn Hill Lane, plaintiff has paid the mortgage, taxes, fire and public liability

insurance thereon, and has paid for major improvements and repairs.

9. Plaintiff has never physically abused defendant.

10. Plaintiff has not secreted or concealed his assets.

## DISCUSSION

The rights and liabilities of tenants by the entireties have so often been enunciated by the courts, the law in respect thereto is clear and may be succinctly stated. Once a tenancy by the entirety has been created, neither spouse can appropriate the property so held to his or her own exclusive use unless the appropriation is one made in good faith for the mutual benefit of both parties: Berhalter v. Berhalter, 315 Pa. 225, 227-28 (1934); Shapiro v. Shapiro, 424 Pa. 120, 136 (1966); Schweitzer v. Evans, 360 Pa. 552 (1949). Where one tenant is denied equal use, enjoyment and possession of such property, a court of equity may enforce his rights by injunctive order: Lindenfelser v. Lindenfelser, 396 Pa. 530 (1959); Mower v. Mower, 367 Pa. 325 (1951); Flood v. Flood, 43 D. & C. 2d 283 (1967). However, since an injunction is an extraordinary remedy, it is incumbent upon the court to take into consideration the conduct and the situation of the parties to determine whether relief should be granted: Rick v. Cramp, 357 Pa. 83 (1947); 8 Standard Pa. Prac. 36 §23.

Defendant contends that the primary motivation behind plaintiff's asserted desire to reoccupy the marital domicile is to gain a tactical advantage in their marital legal battles, essentially, for harassment. In addition, she expressed fear of bodily harm should plaintiff be permitted to live in the same household. On the other hand, plaintiff testified that because of

recent financial reverses, he wishes to move back into the home to save money. He asserts, and defendant agrees, that he has never resorted to physical violence with defendant in 20 years of marriage.

Once plaintiff established ownership of the property in question as a tenant by the entirety, he was, prima facie, entitled to relief. The burden of proof then shifted to defendant to establish by the fair preponderance of the evidence that the circumstances were such as to warrant a denial of such relief. Defendant has failed to meet that burden, the evidence does not establish by that measure that plaintiff's primary motives are base, nor that the grant of injunctive relief will end in violence. Accordingly, we conclude, under the evidence, that plaintiff must prevail. We find no evidence to support the counterclaim.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction over the cause and the parties.

2. Defendant has wrongfully excluded plaintiff from enjoying and occupying the premises located at 320 Fawn Hill Lane, which premises is owned by the entireties.

3. Plaintiff is entitled to a mandatory injunction restraining defendant from interfering with his joint enjoyment, use and occupancy of said property with defendant.

4. Defendant is not entitled to equitable relief.

## DECREE NISI

And now, July 26, 1973, it is ordered and decreed that defendant, Lila S. Roisman, be and hereby is

enjoined from interfering with access to, and the joint use of premises situate at 320 Fawn Hill Lane, Penn Valley, Montgomery County, Pa., by plaintiff, Leon G. Roisman, and in aid thereof, is directed to forthwith provide plaintiff with keys which will allow such access and use.

Unless exceptions are filed within 20 days of notice hereof, this decree shall be entered as of course as the final decree of the court.