## Haga v. Haga

*William H. Mitman*, for plaintiff.
*Dallett Hemphill*, for defendant.

KENT, J., December 18, 1973.—This matter comes before the court on the defendant's preliminary objections in the nature of a demurrer to the plaintiff's complaint in equity. The basis of defendant's demurrer

is the alleged availability of an adequate remedy at law.

The complaint alleges that the plaintiff and defendant are wife and husband, respectively, and that on April 6, 1972, the plaintiff was granted from the defendant a divorce a mensa et thoro. It is also alleged that the parties are owners as tenants by the entireties of a certain residence which was allegedly purchased with the plaintiff's separate estate. The complaint further alleges that because of certain abusive actions by the defendant toward the plaintiff, which were calculated to make the plaintiff's life unbearable so that she would be forced to remove herself from the aforesaid property, that she in fact did remove herself in May, 1972. By reason of these circumstances, plaintiff contends that she was compelled to secure living quarters for herself at a great financial sacrifice which she is unable to afford. It is alleged that the defendant is in sole possession of the premises.

In her prayer, plaintiff seeks to have the court (a) direct that the defendant leave the premises or limit his presence therein to a certain portion thereof; (b) issue a writ of injunction prohibiting and restraining the defendant from harrassing and mistreating the plaintiff; and (c) award money damages to the plaintiff for additional living expenses and compensate the plaintiff for the interference with her property rights.

The court is of the opinion that the plaintiff's complaint fails to state a cause of action upon which relief can be based in this action, and that the demurrer must be sustained. Equity has no jurisdiction to compel the performance of marital duties or to decree what is in effect specific performance of the marriage contract: McKinnon v. McKinnon, 2 D. & C. 108 (1922). To the extent that plaintiff's averments may give rise to legally cognizable causes of action, she

has available to her an action for support and/or for divorce a.v.m. If by averring "deliberate mistreatment" she is charging conduct which amounts to assaults and batteries, she may have recourse to the protection of criminal law procedures. Her property rights may be secured by proceedings in partition. Other forms of equitable relief by way of accounting or constructive trust may be available to plaintiff, but the same are neither alleged nor prayed for.

It is true as the plaintiff argues that where a husband and wife own a property as tenants by the entireties, and where one spouse wrongfully excludes the other spouse from the benefits inherent in such an estate, that such excluded spouse is entitled to injunctive relief by a court against the other spouse who has retained the benefit of the property so held: Lindenfelser v. Lindenfelser, 383 Pa. 424 (1956); Mower v. Mower, 367 Pa. 325 (1951). But such injunctive relief may only prevent the spouse retaining the property held as tenants by the entireties from injuring or encumbering that property. There is no authority for the proposition that the court is permitted to specifically delineate which portion of a marital abode is to be occupied exclusively by which spouse. Likewise, there is no authority which would permit this court to grant any of the other relief for which the plaintiff has prayed in her complaint. Therefore, we enter the following:

## ORDER

And now, this 18th day of December, 1973, after argument of counsel and consideration of briefs, the defendant's preliminary objections to the plaintiff's complaint in equity are sustained, and the plaintiff is granted 30 days within which to amend the complaint in equity to set forth any other relief cognizable in equity, or if the plaintiff fails so to do the complaint shall be dismissed.