## Raeuchle v. Vandenburgh

*Gregory R. Lyons*, for plaintiff.
*Theresa L. Shade*, for defendant.

DOWLING, *J*., May 1, 1987—Plaintiff, a limited partner in Brindle Enterprises, filed this action claiming defendant performed the following faux pases as a general partner: (1) he used partnership funds without consulting the other partners, (2) failed to distribute gross revenues (contrary to the partnership agreement), and (3) did not provide financial reports (as well as various other sundry allegations). The suit was brought by plaintiff as an individual and as a derivative action on behalf of the other partners.

Defendant responded to the complaint by raising preliminary objections. Defendant objects to the complaint maintaining that: (1) Pennsylvania does not allow a limited partner to initiate a derivative action, (2) plaintiffs' complaint is not properly in equity, and (3) the complaint does not allege facts sufficient to warrant a request for punitive damages.

Does Pennsylvania allow a limited partner to bring a derivative action?[1] The commonwealth's appellate courts have yet to issue a stance regarding this situation. The New York federal court in *Mayer v. Oil Field Systems Corp.*, 721 F.2d 59 (1983) scrutinized the case law in this area and concluded that Pennsylvania recognizes the ability of a limited partner to bring a derivative action. Id. at 67. An analysis found in a Pennsylvania federal court bolsters this logical evaluation of the commonwealth's position. *Engl v. Berg,* 511 F.Supp. 1146, 1152, 1153 (1981).

Procedurally, then, has plaintiff pleaded sufficient allegations to bring a derivative action? If a limited partner is considered to be a "corporate entity" for the purposes of bringing a derivative action, they must comport with a procedural nuance relegated to this type of action. To wit: an allegation that a demand has been made.

Plaintiff maintains that since a demand would have been patently frivolous that one is not necessary. A boilerplate allegation that demand would be

---

1. We recognize that the Uniform Partnership Act, 59 Pa.C.S. §§301 et. seq. does not expressly address this situation. The wording found in 59 Pa.C.S. §503, though, demonstrates that the act was not meant to be all encompassing. 59 Pa.C.S. §503 reads: "Rules for cases not provided for in this chapter. In any case not provided for in this chapter the rules of law and equity, including the law merchant, shall govern."

obviously denied, however, is not sufficient to do away with the requirement.[2] As such it can only be concluded that the complaint in the case at bar does not contain the sufficient allegations necessary to bring a derivative action. Since a demurrer can only be sustained in the clearest of cases, plaintiff will be granted 20 days to amend the complaint in order to dredge up the necessary allegations.

Is the action properly in equity? It is well established that a court of equity lacks jurisdiction to entertain a cause of action for which there exists a full, complete and adequate remedy at law. *Tulio v. Commonwealth State Horse Racing Com'n.*, 79 Pa. Commw. 305, 308, 470 A.2d 645, 647 (1981). Significantly, the adequacy of the legal remedy is not measured by the success or failure of a legal claim. Rather, in deciding whether a remedy is adequate, it is the remedy itself, and not its possible lack of success, that is the determining factor. *Charters Valley Sch. Dist. v. Virginia M.Ap.*, 340 Pa. Super. 285, 294-295, 489 A.2d 1381, 1386 (1985). In the case at bar the requested remedies are, inter alia: (a) a full and complete accounting of all transactions between [defendant] or entities controlled by [defendant] and the partnership, (b) a complete and full accounting of all transactions involving the exchange of partnership property for other property, (c) the immediate removal of [defendant] as the general partner of the partnership and/or the appointment of a custodian to supervise the future development and sale of the partnership property.

---

2. A discussion on this can be found in *Recchionv. Westinghouse Elec. Corp.*, 637 F.Supp. 1309, 1320-1322 (W.D. Pa., 1986), where a federal court analyzed the Pennsylvania demand requirement.

A perusal of the equity rules in the Pennsylvania rules of court clearly demonstrate that this type of relief is properly brought in equity. See Pa.R.C.P. 1515 (Accountants and Experts) and 1530 (Special Relief, Receivers). We do acknowledge that some of the other relief requested by plaintiff is not considered equitable. It is well settled, however, that once equity obtains jurisdiction, that jurisdiction continues until all issues raised have been resolved. *Babin Et Al. v. City of Lancaster*, 89 Pa. Commw. 527, 534, 493 A.2d 141, 145 (1985) citing *McGovern v. Spear*, 463 Pa. 269, 344 A.2d 826 (1975); *Wortex Mills v. Textile Workers Union*, 380 Pa. 3, 109 A.2d 815 (1955); *Bowman v. Gum Inc.*, 327 Pa. 403, 193 A. 271 (1937). The purpose of this rule is to avoid a multiplicity of suits and afford complete relief to the parties. Id., citing *Hagy v. Premier Mfg. Co.*, 404 Pa. 330, 172 A.2d 283 (1961); *Nedwidek v. Nedwidek*, 371 Pa. 621, 92 A.2d 536 (1952). Since the relief requested clearly demonstrates that money damages are inadequate we see no logical reason why plaintiff must specifically plead such an allegation. Additionally, we note that there is no procedural rule which specifically mandates such an averment.

Defendants' final objection is their assertion that the facts alleged in the complaint are insufficient to warrant the imposition of punitive damages. The allegations and the reasonable inferences drawn therefrom, however, seem sufficient for a trier of fact to warrant the imposition of punitive damages. If, during the discovery phase, further facts develop which would diminish the seriousness of the alleged acts, defendant can always request partial summary judgment on this issue. For the above reasons we enter the following

## ORDER

And now, this May 1, 1987, plaintiffs are granted 20 days to amend the first count of their complaint. All other preliminary objections are denied.